SARA M. THORPE (SBN 146529)
sthorpe@gordonrees.com
GORDON I. ENDOW (SBN 099638)
gendow@gordonrees.com
JEFFREY M. RATINOFF (SBN 197241)
jratinoff@gordonrees.com
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
ST. PAUL MERCURY INSURANCE COMPANY

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

NETSCAPE COMMUNICATIONS CORPORATION, a Delaware corporation; and AMERICA ONLINE, INC., a Delaware corporation;

Plaintiffs,

v.

FEDERAL INSURANCE COMPANY, an Indiana corporation; ST. PAUL MERCURY INSURANCE COMPANY, a Minnesota corporation; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; a Connecticut corporation, and DOES 1 through 50,

Defendants.

CASE NO. C-06-00198 JW (PVT)

**DEFENDANT ST. PAUL MERCURY INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' NINTH CAUSE OF ACTION AND, IN THE ALTERNATIVE, MOTION TO STRIKE AND/OR MOTION FOR MORE DEFINITE STATEMENT**

**[F. R. Civ. P. 12(b)(6), 12(e), 12(f)]**

Date: February 27, 2006
Time: 9:00 a.m.
Judge: Hon. James Ware
Dept.: Courtroom 8

Complaint Filed: December 12, 2005



Dockets.Justia.com

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

# TABLE OF CONTENTS

**I. INTRODUCTION..........1**

**II. ARGUMENT..........1**

A. Defendants' Motion To Dismiss Should Be Granted Because Plaintiffs Fail To Demonstrate A Cognizable Claim Under Section 17200..........1

1. Plaintiffs' Reliance On *Progressive West* Is Misplaced..........1

2. Plaintiffs' Contention That Their Section 17200 Claim Does Not Fall Within California's Unfair Insurance Practices Act Is Nonsensical..........3

3. Plaintiffs Cannot Avoid *Moradi-Shalal* And Its Progeny..........4

4. The Additional Authorities Plaintiffs Cite Are Inapplicable..........5

5. Plaintiffs Fail To Establish They Have No Adequate Legal Remedy..........7

6. Plaintiffs Fail To Explain How Restitution And Disgorgement Are Proper..........8

7. Plaintiffs Must, And Fail To Provide They Can, Plead Facts Supporting With Reasonable Particularity..........10

B. The Court Should Not Grant Plaintiffs Leave To Amend..........11

C. Plaintiffs' Prayer For Relief Should Be Stricken..........12

D. If The Motion To Dismiss Is Not Granted, Defendants' Alternative Request For A More Definitive Statement Is Appropriate..........12

**III. CONCLUSION..........13**

## TABLE OF AUTHORITIES

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

### FEDERAL CASES

*Albrecht v. Lund*, 845 F.2d 193 (9th Cir. 1988) .......... 12

*Baugh v. CBS, Inc.*, 828 F.Supp. 745 (N.D. Cal. 1993) .......... 9

*Bureerong v. Uvawas*, 922 F.Supp. 1450, fn. 34 (C.D. Cal. 1996) .......... 8

*Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042 (9th Cir. 2000) .......... 6

*Golden Day School, Inc. v. Pirillo*, 118 F.Supp.2d 1037 (C.D. Cal. 2000) .......... 8, 11

*Hangarter v. The Paul Revere Life Ins. Co.*, 236 F.Supp.2d 1069 (N.D. Cal. 2002) .......... 5, 6

*Heighley v. J.C. Penney Life Ins. Co.*, 257 F.Supp.2d 1241 (C.D. Cal. 2003) .......... 7

*Napster, Inc. Copyright Litigation*, 354 F.Supp.2d 1113 (N.D. Cal. 2005) .......... 10

*Palmer v. Stassinos*, 348 F.Supp.2d 1070 (N.D. Cal. 2004) .......... *passim*

*Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046 (N.D. Cal. 2004) .......... 11

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F.Supp. 1303 (N.D. Cal. 1997) .......... 10, 11

*Stewart v. Life Ins. Co. of North America*, 388 F.Supp.2d 1138 (E.D. Cal. 2005) .......... 8

*Washington v. Baenziger*, 673 F.Supp.1478 (N.D. Cal. 1987) .......... 13

*Western Mining Counsel v. Watt*, 643 F.2d 618 (9th Cir. 1981) .......... 8

### CALIFORNIA CASES

*Bank of the West v. Superior Court*, 2 Cal.4th 1254 (1992) .......... 9

*Kapsimallis v. Allstate Ins. Co.*, 104 Cal.App.4th 667 (2002) .......... 6

*Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612 (1993) .......... 10

## TABLE OF AUTHORITIES (CONT'D)

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134 (2003 ............ 9

*Moradi-Shalal v. Fireman's Fund Ins. Companies*, 46 Cal.3d 287 (1988) ............ *passim*

*Pastoria v. Nationwide Ins.*, 112 Cal.App.4th 1490 (2002) ............ *passim*

*Progressive West Ins. Co. v. Superior Court*, 135 Cal.App.4th 263, 37 Cal.Rptr.3d 434 (2005) ............ *passim*

*Rubin v. Green*, 4 Cal.4th 1187 (1993) ............ 5, 7

*Safeco Ins. Co. v. Superior Court*, 216 Cal.App.3d 1491 (1990) ............ passim

*Saunders v. Superior Court*, 27 Cal.App.4th 832 (1994) ............ 11

*Security Dynamics Technologies, Inc. v. Activcard Networks Inc.*, 1996 WL 263648, (N.D. Cal. 1996) ............ 11

*Textron Financial Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 118 Cal.App.4th 1061 (2004) ............ *passim*

*Western Mining Counsel v. Watt*, 643 F.2d 618 (9th Cir. 1981) ............ 7

**STATUTES**

Cal. Bus. & Prof. Code § 17200 *et seq.* ............ *passim*

Cal. Ins. Code § 790.03 ............ 3

**RULES**

Fed. R. Civ. Proc. 12 ............ 1

Fed. R. Civ. Proc. 8 ............ 1

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

# I. INTRODUCTION

The Opposition filed by plaintiffs Netscape Communications Corporation and America Online, Inc. ("Plaintiffs") fails to assert a single credible argument to save the Unfair Business Practices Claim in their Ninth Cause of Action. The Opposition cites cases that are not good law, or not factually or legally applicable to this lawsuit. None of Plaintiffs' authorities (including the new *Progressive* case), hold that an insured may maintain a cause of action under California Business and Professions Code Section 17200 *et seq.* ("Section 17200") for breach of duties under an insurance policy. Plaintiffs already have an adequate remedy at law. Likewise, none of the cases Plaintiffs cite hold that an insured can maintain a Section 17200 claim based on conduct covered by Insurance Code Section 790.03 of California's Unfair Insurance Practices Act ("UIPA"). Furthermore, the "restitution" and "disgorgement" Plaintiffs seek are not appropriate under the statute, or in the context of this dispute. As such, the Court should grant St. Paul's' motion to dismiss in its entirety, without leave to amend.

# II. ARGUMENT

## A. Defendants' Motion To Dismiss Should Be Granted Because Plaintiffs Fail To Demonstrate A Cognizable Claim Under Section 17200

Plaintiffs' lengthy dissertation on the standards governing a motion to dismiss filed pursuant to Rule 12(b)(6), Fed. R. Civ. Proc. does not save their fatally flawed Section 17200 claim. Despite the liberal pleading standards under Rule 8, Fed. R. Civ. Proc., Plaintiffs have not, and cannot, plead a viable claim under Section 17200.

### 1. Plaintiffs' Reliance On *Progressive West* Is Misplaced

As anticipated by St. Paul, Plaintiffs rely heavily upon the newly decided *Progressive West Ins. Co. v. Superior Court*, 135 Cal.App.4th 263, 37 Cal.Rptr.3d 434 (2005). Instead of providing an adequate response to St. Paul's assertion that *Progressive* is inapplicable to Plaintiffs' Section 17200 claim, Plaintiffs attempt to favorably compare their claim to the allegations in *Progressive*. Plaintiffs' exercise is futile; it compares

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

apples to oranges.[1]

In *Progressive*, the insured filed a cross-complaint for breach of the insurance contract, breach of the covenant of good faith and fair dealing, and unfair business practices under Section 17200. In support of its Section 17200 claim, the insured alleged Progressive had a pattern and practice of seeking 100 percent recovery from all of its policyholders regardless of entitlement. Progressive filed a general demurrer to the cross-complaint, which the trial court overruled.

The appellate court reversed the trial court's ruling, holding there were was no viable claims for breach of contract and breach of the covenant of good faith and fair dealing because, in that case, the insured was not seeking benefits under the insurance policy. *Progressive*, 135 Cal.App.4th 263, 37 Cal.Rptr.3d at 444-50, 450-454. The insured had already been paid the policy's benefits. *Id.* The appellate court upheld the trial court's ruling with respect to the insured's Section 17200 claim. *Id.*

Thus, *Progressive* is both legally and factually distinguishable from the case before this court. In *Progressive,* there were no allegations that the insurer failed to provide coverage under the policy. Therefore, there was no breach of contract claim or remedy available to the insured in that case. Likewise, there was no breach of the implied covenant to act in good faith and deal fairly with the insured because there was no breach of contract.

Here, Plaintiffs' Section 17200 is based on the very same facts that form the basis for their breach of contract and breach of covenant claims, *i.e.*, the alleged failure to confer benefits under the insurance contract. Plaintiffs cannot assert a Section 17200 claim where an award of contract and tort damages are available if Plaintiffs succeed with their claims. Unlike the insured in *Progressive*, Plaintiffs here have adequate legal remedies based on their insurance contract claims. Furthermore, Progressive does not

---

[1] Plaintiffs assert their Section 17200 claim "effectively tracks" the allegations supporting the insured's Section 17200 claim in *Progressive*. Plaintiffs' assertion is belied by the excerpts from *Progressive* cited by Plaintiffs, which provide far more detail than the single-sentence allegation in Plaintiffs' Ninth Cause of Action.

stand for the proposition that an insured may maintain a Section 17200 claim based on alleged wrongful conduct covered by the UIPA. Thus, *Progressive* does not help them.

**2. Plaintiffs' Contention That Their Section 17200 Claim Does Not Fall Within California's Unfair Insurance Practices Act Is Nonsensical**

Plaintiffs contend their Section 17200 claim does not allege a violation of Section 790.03 because their Complaint does not mention that section or the UIPA or even allege wrongful conduct covered by the UIPA. Plaintiffs' assertion is nonsensical. The allegations, although they do not specifically reference the UIPA, allege conduct (i.e., claims handling) expressly covered by the statute. See, e.g., Cal. Ins. Code § 790.03(h)(5).

In their Opposition, Plaintiffs do not address *Textron Financial Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 118 Cal.App.4th 1061, 1070-72 (2004). *Textron* is particularly instructive here as Plaintiffs' claims "track" those asserted by the plaintiff in *Textron*.

In *Textron*, plaintiff sought injunctive and restitutionary relief under Section 17200 against an insurer for engaging in unfair competition for improper claims handling. *Textron*, 118 Cal.App.4th at 1069-70. Plaintiff alleged that the insurer engaged in a pattern and practice of using misleading documents and misrepresenting both the terms of the insurance policies and its obligations under them for its own benefit. Plaintiff also alleged the insurer had failed to provide benefits under the policy. The *Textron* court found the allegations of wrongful conduct that were the basis of plaintiff's Section 17200 claim were "the type of activities" covered by Section 790.03(a) and (h) of the UIPA. *Id.* at 1070-1071.

Here, Plaintiffs allege the insurers: (1) have a policy and practice of automatically denying all claims that implicate their 'personal injury' and/or 'Media Activities" coverages when privacy allegations are asserted against insureds; and (2) the policy and practice is "unfair and present a continuing threat to [Plaintiffs] and members of the

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

public and because they deprive policyholders of the insurance coverage they intend to purchase and believe they have purchased." Complaint at ¶¶ 78-79. Just as in *Textron*, Plaintiffs' Section 17200 claim is nothing more than a cause of action for claims handling under the UIPA.

### 3. Plaintiffs Cannot Avoid *Moradi-Shalal* And Its Progeny

Plaintiffs contend that even if their Section 17200 claim does fall within the type of conduct prohibited by the UIPA, their unfair business practices claim is still proper. But, Plaintiffs' assertions are contrary to established California law. *See Moradi-Shalal v. Fireman's Fund Ins. Companies,* 46 Cal.3d 287 (1988).

While the California Supreme Court in *Moradi-Shalal* did not directly address the issue of a claim under Section 17200, that Court in *Rubin* expressly affirmed that a plaintiff cannot circumvent the bar on private causes of actions established by *Moradi-Shalal* by recasting the claim as one under Section 17200. *Rubin v. Green*, 4 Cal.4th 1187, 1201-1202 (1993).

Plaintiffs also, again, ignore *Textron,* which directly undermines their position. Relying on *Moradi-Shalal*, the insurer in *Textron* demurred to plaintiff's Section 17200 claim. *Textron*, *supra,* 118 Cal.App.4th at 1070-1072. The trial court sustained the demurrers ***without leave to amend***. The appellate court affirmed the trial court's ruling, holding that a plaintiff cannot attempt to plead around *Moradi-Shalal* by asserting a claim under Section 17200 for an insurer's alleged misconduct that falls within the type of activities covered by the UIPA. As that court explained: "While insurance companies are subject to California laws generally applicable to other businesses, including laws governing unfair business practices [], parties cannot plead around *Moradi-Shalal*'s holding by merely relabeling their cause of action as one for unfair competition." *Id.* at 1070. This is exactly what Plaintiffs have attempted to do.

Similarly, in *Safeco Ins. Co. v. Superior Court*, 216 Cal.App.3d 1491 (1990), the plaintiff sued an insurance carrier for its conduct in settling an automobile collision claim. Plaintiff sought damages under the UIPA, as well as a request for injunctive relief

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

under Section 17200 based on an insurer's allegedly unfair claims settlement practices. *Id.* at 1493-1494. The appellate court ordered the complaint dismissed, holding that *Moradi-Shalal* not only barred the UIPA claims, but also the Section 17200 claims. The court explained that: "Though the issue is one of first impression, we have no difficulty in deciding the Business and Professions Code provides no toehold for scaling the barrier of Moradi-Shalal.... To permit plaintiff to maintain this action would render *Moradi-Shalal* meaningless." *Id.* at 1494.

Because Plaintiffs do not adequately explain how their cause of action is not an attempt to plead around *Moradi-Shalal*, the Court should dismiss Defendants' Section 17200 claim.

**4. The Additional Authorities Plaintiffs Cite Are Inapplicable**

Plaintiff's other authorities are inapplicable. Plaintiffs cite *Hangarter v. The Paul Revere Life Ins. Co.*, 236 F.Supp.2d 1069 (N.D. Cal. 2002), *aff'd in part, rev'd in part,* 373 F.3d 998 (9th Cir. 2004). However, the portion of *Hangarter* that holds a plaintiff may assert a violation of the UIPA as a claim under Section 17200 ***is not good law***. On review of the trial court's findings, the Ninth Circuit held plaintiff did not have standing to pursue a claim under Section 17200 and, therefore, ***did not reach a decision on whether plaintiffs' Section 17200 claim was viable on the merits under California law***. *Id.*, 373 F.3d at 1022, fn 17. Thus, the portion of *Hangarter* upon which Plaintiffs rely is neither controlling, nor instructive.

Furthermore, *Hangarter* is inconsistent with prevailing California law. First, the *Hangarter* court failed to reconcile its ruling with the California Supreme Court's holding in *Rubin, supra*. In attempting to distinguish *Moradi-Shalal*, the *Hangarter* court concluded the California Supreme Court had not reached the issue of whether an action could be pursued under Section 17200. *Hangarter, supra,* 236 F.Supp.2d at 1104. However, as mentioned earlier, *Rubin* recognized *Moradi-Shalal* extends to UIPA actions recast as Section 17200 claims. *Rubin, supra*, 4 Cal.4th at 1201-1202. Furthermore, *Hangarter* is inconsistent with the subsequently decided *Textron* case, which (again) also

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

held a Section 17200 claim cannot be maintained for claims that fall within the boundaries of the UIPA.[2] *Textron, supra*, 118 Cal.App.4th at 1070-1072.

Plaintiffs' reliance on *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042 (9th Cir. 2000) is also misplaced. *Chabner* was decided prior to *Textron* and is distinguishable. In any event, *Textron* controls. *Chabner* was limited to the question of whether the plaintiff could maintain a cause of action under Section 17200 for the insurer's alleged violation of Insurance Code Section 10144, which governs the setting of premiums for life, annuity, or disability insurance. *See Chabner, supra*, 225 F.3d at 1048-1049. Notably, *Chabner* pointedly recognizes that while *Moradi-Shalal* prevents causes of action based on Insurance Code Section 790.03, it does not necessarily follow that *Moradi-Shalal* precludes causes of action based on Insurance Code Section 10144. *Id.* Furthermore, the plaintiff in *Chabner* was not asserting claims for benefits under the policy; the plaintiff had no breach of contract claim or breach of the covenant of good faith and fair dealing claim. The plaintiff's suit was not on the contract, but an attempt to get a better contract. *Id.* at 1045-1046,

In addition, Plaintiffs rely on *Pastoria v. Nationwide Ins.*, 112 Cal.App.4th 1490 (2002) and *Kapsimallis v. Allstate Ins. Co.*, 104 Cal.App.4th 667 (2002). Both were decided prior to *Textron*. Moreover, neither holds that a plaintiff can assert a Section 17200 claim based on conduct covered by the UIPA. In *Pastoria*, plaintiffs' Section 17200 claim was not based on alleged claims mishandling (covered by the UIPA); but, rather, that defendants violated their duty to disclose material amendments to *potential buyers* of insurance policies under Insurance Code Sections 330-334 and 361. *Pastoria, supra,* 112 Cal.App.4th at 1495-1496. In *Kapsimallis*, the specific issue was whether an insurer's adoption of the date of the Northridge earthquake as the date the one-year

[2] The *Hangarter* court summarily distinguished the holding in *Safeco* as being "extremely brief, conclusory, and involve[d] a third-party." *Hangarter*, 236 F.Supp.2d at 1104. Notably, the *Textron* court found the holding in *Safeco* to be proper and consistent with the intent of the California Supreme Court's intent in *Moradi-Shalal* and extended the bar on Section 17200 claims that impinged on the UIPA to include both first and third party actions against insurers. *Textron*, 118 Cal.App.4th at 1071-72.

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

limitations period started to run on all claims arising out of the Northridge earthquake constituted bad faith and a violation of California law. *Kapsimallis, supra,* 104 Cal.App.4th at 675-676.

Plaintiffs' authorities do not help their cause.

**5. Plaintiffs Fail To Establish They Have No Adequate Legal Remedy**

In their Opposition, Plaintiffs misapprehend St. Paul's argument on the availability of an adequate legal remedy. Opposition, at 9:12-10:12. The issue is not whether a motion to dismiss may be properly granted because Plaintiffs seek an improper remedy; rather, the issue is whether Plaintiffs have no adequate legal remedy at law and have plead this in their Complaint. *See Heighley v. J.C. Penney Life Ins. Co.*, 257 F.Supp.2d 1241, 1259-1260 (C.D. Cal. 2003) (inadequacy of legal remedies is a necessary element to support a claim for equitable relief pursuant to Section 17200). Taking Plaintiffs' allegations as true, Plaintiffs' breach of contract and bad faith claims establish Plaintiffs have an adequate remedy in the form of monetary damages. *See, e.g.*, Complaint, ¶¶ 24-26, 33-34, 42-47, 64-67. The inquiry should end there.

Instead of offering an explanation as to how these legal remedies may be inadequate, Plaintiffs incorrectly assert there is no such requirement. Opposition, at 9:23-28. Plaintiffs' dismissal of the *Heighley* court's statement of the necessary elements for a claim for equitable relief under Section 17200 as "dicta" is wrong. The *Heighley* court *expressly held* that because Plaintiff had failed to allege he had no adequate remedy at law, plaintiff "failed to properly allege claims for relief under [Section 17200]." *Id.* at 1259-1260.

Plaintiffs also attempt to save their Section 17200 claim by arguing that the Court can ascertain that some relief is available from the face of the Complaint. Opposition, at 9:14-18. Plaintiffs argument is, again, nonsensical. It is clear from the Complaint that a Section 17200 claim based on an alleged improper denial of coverage *cannot* survive a motion to dismiss where, as here, the Complaint shows there is an adequate remedy at

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

law. *See Stewart v. Life Ins. Co. of North America*, 388 F.Supp.2d 1138, 1144 (E.D. Cal. 2005) (because the insured had an adequate remedy where her breach of contract claim against insurer would provide any benefits she was due, insured could not assert a Section 17200 claim).

In addition, Plaintiffs argue their request for injunctive relief is necessary because there is an ongoing contractual relationship. However, there are no allegations in the Complaint to support this argument. Instead, Plaintiffs allege the St. Paul policy covered the period April 1, 1999 through April 1, 2000. Complaint, ¶ 24. Plaintiffs' argument is improper, unsupported and an unreasonable inference. *See Western Mining Counsel v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) (court need not accept as true conclusory allegations, legal characterizations, unreasonable inferences or unwarranted deductions of fact alleged in operative complaint).

### 6. Plaintiffs Fail To Explain How Restitution And Disgorgement Are Proper

In response to St. Paul's argument that Plaintiffs' Section 17200 claim should be dismissed because it improperly seeks contractual and tort damages, Plaintiffs repeat their argument that a dismissal for failure to state a claim may not be based on the fact that they are seeking improper relief. Opposition, at 10:17-27. But, "[d]ismissal under [Rule 12(b)(6)] is appropriate when it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations set forth in the complaint." *Golden Day School, Inc. v. Pirillo*, 118 F.Supp.2d 1037, 1041 (C.D. Cal. 2000). Based on the allegations in the Complaint, there is no proper remedy available to Plaintiffs under Section 17200.

Plaintiffs cannot seek restitution under Section 17200 based on St. Paul's allegedly improper denial of coverage. *See, Stewart, supra*, 388 F.Supp.2d at 1144. In *Stewart*, the court found that because plaintiffs' breach of contract claim would provide any benefits due and owing under the policy, restitution under Section 17200 was "entirely inconsistent with the primary remedy she seeks, which is payment of the policy benefits

in the form of damages." *Id.* Plaintiffs' Section 17200 claim is no different.

Plaintiffs argue in their Opposition that their Section 17200 claim does not seek payment of benefits under the insurance policy or disgorged profits from St. Paul in the way of compensatory damages for contract and bad faith damages, but, rather, disgorgement of profits on behalf of the pubic. Opposition, at 11:1-12:4. Plaintiffs' Complaint undermines this contention. For one thing, the Complaint *expressly alleges* that Plaintiffs are "seeking to recover further and additional *damages*… for the unfair business practices the Insurers have pursued against AOL and others to wrongfully deprive them of insurance coverage which is legitimately due and owing." Complaint, ¶ 4 (emphasis added), ¶ 76 (incorporating ¶ 4 by reference in Section 17200 claim). Plaintiffs cannot assert a claim for damages under Section 17200 by recasting it as restitution or disgorgement. *See Baugh v. CBS, Inc.*, 828 F.Supp. 745, 757-758 (N.D. Cal. 1993); *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1266 (1992).

Second, Plaintiffs purport to bring their Section 17200 claim *in their individual capacity*. Complaint, ¶ 77. Plaintiffs do not allege any facts that support a restitution order requiring St. Paul to return money or property obtained from the general public. To the extent Plaintiffs' Prayer for Relief could constitute a factual allegation, Plaintiffs still cannot seek disgorgement of profits on behalf of the public. In order to pursue representative claims on behalf of others, Section 17203 (as amended by Proposition 64) requires that Plaintiffs comply with Calif. Code Civ. Proc. Section 382, which sets forth the requirements for a class action under California law. Noticeably absent from Plaintiffs' Complaint are any class allegations.

Third, Plaintiffs improperly seek "nonrestitutionary disgorgement." In *Palmer v. Stassinos*, 348 F.Supp.2d 1070, 1088 (N.D. Cal. 2004), plaintiffs sought a disgorgement remedy strikingly similar to Plaintiffs here. The court in that case explained that: "plaintiffs seek 'disgorgement of all profits and restitution of all funds obtained by defendants' through their alleged unlawful business practices." *Id.* In applying the rule that nonrestitutionary disgorgement of profits obtained by means of an unfair business

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

practice is not an available remedy in either an individual *or* representative action under Section 17200, the Court *dismissed* the plaintiffs' Section 17200 claim. *Id.* at 1088-1089 (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134 (2003)).[3] Because plaintiffs were not seeking money or property that defendants took directly from plaintiffs or money or property in which the plaintiffs had a vested interest, the relief sought under Section 17200 was improper. *Id.*

Here, the only restitution Plaintiffs seek is that the insurers have purportedly been unjustly enriched by failing to pay insurance policy benefits for defense fees and settlement costs. Complaint, ¶¶ 4, 24-26, 33-34, 42-47, 64-67 and 76 (incorporating ¶ 1-75 of the Complaint by reference into Section 17200 Claim). This type of request is not allowed under Section 17200 because plaintiffs (or any other alleged "victims") do not have a vested interest in the claimed defense fees or settlement costs on which their claim is based, and any interest in those fees and costs is a mere "expectancy" for which restitution is not a proper remedy under Section 17200. *See*, St. Paul MPA at pp. 9-11. Accordingly, the Court should dismiss Plaintiffs' Section 17200 claim because Plaintiffs cannot establish they are seeking a proper restitutionary remedy. *See Palmer, supra*, 348 F.Supp.2d at 1088-1089. *Accord, In re Napster, Inc. Copyright Litigation*, 354 F.Supp.2d 1113, 1127 (N.D. Cal. 2005).

### 7. Plaintiffs Must, And Fail To Provide They Can, Plead Facts Supporting With Reasonable Particularity

Plaintiffs take the position their Section 17200 claim complies with pleading standards set forth in Rule 8 because the Defendants "know what they did and, to the extent they claim ignorance," the Complaint provides them with adequate notice." Opposition, at 12:6-13. However, this is not sufficient under prevailing case law in California and this District.

---

[3] While Plaintiffs attempt to distinguish *Korea Supply*, they make no effort to explain away the Northern District cases that rely upon the California Supreme Court's holding in *Korea Supply*. Notably, those cases apply *Korea Supply* to Section 17200 claims similar to Plaintiffs' claim in this action. *See, e.g., In re Napster, supra,* 354 F.Supp.2d at 1127; *Palmer, supra,* 348 F.Supp.2d at 1088.

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Plaintiffs must allege "with reasonable particularity the facts supporting the statutory elements of the violation" of Section 17200. *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 618 (1993). *Accord Saunders v. Superior Court*, 27 Cal.App.4th 832, 841-842 (1994) (upholding dismissal of Section 17200 claim on basis that supporting allegations were "too vague and conclusionary"). Courts in this district consistently apply this standard when evaluating whether a party sufficiently alleged facts supporting a Section 17200 claim under Rule 8 and *dismiss* such claims where plaintiff has relied upon a single vague and conclusory assertion of an alleged unfair business practice and incorporated the remaining allegation in the complaint by reference. *See, e.g., Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F.Supp. 1303, 1316 (N.D. Cal. 1997); *Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1051-1053 (N.D. Cal. 2004); *Security Dynamics Technologies, Inc. v. Activcard Networks Inc.*, 1996 WL 263648, *2 (N.D. Cal. 1996).

Plaintiffs' Complaint fails to explain what acts Defendants committed, how these acts are unlawful, and any other facts to support the statutory elements of the violation of Section 17200 with reasonably particularity. Indeed, Plaintiffs' allegation that they are informed and believe St. Paul has a "policy and practice of automatically denying all claims that implicate 'personal injury' and/or 'Media Activities' coverages when privacy allegations are asserted against insureds" (Complaint, ¶¶ 76-78) is no different than the types of vague, conclusory allegations that have been dismissed in other cases in this District. *See, e.g., Silicon Knights*, 983 F.Supp. at 1316; *Qarbon.com*, 315 F.Supp.2d at 1051-1053; *Security Dynamics*, 1996 WL 263648, *2. Thus, the Court should also dismiss Plaintiffs' claim for the reasons as well.

**B. The Court Should Not Grant Plaintiffs Leave To Amend**

Plaintiffs contend that if the Court is inclined to dismiss their Section 17200 claim, they should be provided with an opportunity to amend their claim. However, Plaintiffs' Section 17200 claim is unsalvageable. "Dismissal under [Rule 12(b)(6)] is appropriate when it is clear that no relief could be granted under any set of facts that could be proven

consistent with the allegations set forth in the complaint." *Golden Day School, Inc. v. Pirillo*, 118 F.Supp.2d 1037, 1041 (C.D. Cal. 2000). A court should not grant leave to amend where amendment would be futile since plaintiff could not allege additional facts that would cure the defects in the complaint. *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988).

Plaintiffs' Section 17200 is unsalvageable because Plaintiffs cannot plead around *Moradi-Shalal. See Textron, supra*, 118 Cal.App.4th at 1070-1072; *see also* discussion at pp. 3-4, *supra;* St. Paul MPA at *pp. 6-7.* Consequently, it is proper for this Court to dismiss the Ninth Cause of Action without leave to amend. *Id.*, 118 Cal.App.4th at 1072. In addition, Plaintiffs' failure to demonstrate they are entitled to a proper remedy under Section 17200 is further grounds to grant this motion to dismiss. *See, e.g., Palmer, supra*, 348 F.Supp.2d at 1088-1089. Moreover, Plaintiffs fail to explain how they could amend their Section 17200 claim to survive another motion to dismiss. Thus, sustaining this motion to dismiss without leave to amend is appropriate.

### C. Plaintiffs' Prayer For Relief Should Be Stricken

Even if the Court were not to dismiss Plaintiffs' Section 17200 claim outright, the Court should strike Plaintiffs' Prayer for Relief as it relates to the Section 17200 claim. Complaint, ¶ 80, and p. 17 (Prayer for Relief at 13-14). Plaintiffs' request for injunctive relief and restitution are not recoverable as a matter of law.[4] *See* discussion at pp. 6-9, *supra*; St. Paul MPA, Sections IV. B. 3-4, *see also Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479, fn. 34 (C.D. Cal. 1996) ("a motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law").

### D. If The Motion To Dismiss Is Not Granted, Defendants' Alternative Request For A More Definitive Statement Is Appropriate

Instead of clarifying the vague and ambiguous nature of their Section 17200 claim,

[4] In attempting to save their Prayer for Relief, Plaintiffs assert that the "restitution" they seek under Section 17200 includes " return of premiums, interest on (or profits made from) funds improperly withheld." Opposition at 13:15-18. However, the allegations in the Complaint do not support the recovery of these or any other form of restitution.

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Plaintiffs' Opposition only adds confusion as to the relief they seek. Because Plaintiffs' single conclusory allegation in the Complaint fails to provide any factual support for the claim, it is not sufficiently particular to permit a response. *See Washington v. Baenziger*, 673 F.Supp.1478, 1483 (N.D. Cal. 1987). Thus, if the Court were not to dismiss Plaintiffs' Ninth Cause of Action, the Court should require Plaintiffs to provide a more definitive statement of the factual basis of their Section 17200 Claim, as well as the exact basis for and form of relief they seek.

## III. CONCLUSION

Plaintiffs fail to state a viable claim under Section 17200 in their Ninth Cause of Action for Unfair Business Practices against St. Paul. Plaintiffs have an alleged adequate remedy at law in form of the breach of contract and breach of the covenant of good faith claim. The purported Section 17200 claim contravenes well-established case law. The other remedies Plaintiffs seek are improper and implausible. St. Paul's motion to dismiss should therefore be granted, without leave to amend.

Alternatively, St. Paul's motion to strike Plaintiffs' Prayer for Relief and/or request for a more definite statement of the factual basis of Plaintiffs' Unfair Business Practices Claim should be granted.

Date: February 13, 2006

GORDON & REES, LLP

/s/ Jeffrey M. Ratinoff
By:________________________
JEFFREY M. RATINOFF
Attorneys for Defendant
ST. PAUL MERCURY INSURANCE COMPANY