**United States District Court**
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Netscape Communications Corporation et al., | NO. C 06-00198 JW |
| Plaintiff(s), | |
| v. | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING PLAINTIFFS LEAVE TO AMEND; DENYING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT** |
| Federal Insurance Company et al., | |
| Defendant(s). | |

## I. INTRODUCTION

Netscape Communications Corporation and America Online, Inc. ("Plaintiffs") bring suit against Federal Insurance Company, St. Paul Mercury Insurance Company, Executive Risk Specialty Insurance Company ("Defendants") alleging common law breach of contract, common law tortious breach of the covenant of good faith and fair dealing, and unfair business practices under Cal. Bus. & Prof. Code § 17200.  Presently before this court are (1) Defendant St. Paul Mercury Insurance Company's motion to dismiss Plaintiffs' ninth cause of action, namely unfair business practices, motion to strike prayer, or alternatively, motion for a more definite statement; (2) Defendants Federal Insurance Company's and Executive Risk Specialty Insurance Company's motion to dismiss; and  Defendants Federal Insurance Company's and Executive Risk Specialty Insurance Company's joinder in St. Paul Mercury Insurance Company's motion to dismiss. Plaintiff, in turn, moves for leave to amend if the Court grants Defendants' motions.   The motions

1  were noticed for hearing on February 27, 2006.  The Court finds it appropriate to take the motions
2  under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b).  For the
3  reasons set forth below, this court GRANTS Defendants' motions to dismiss, DENIES Defendants'
4  motion for a more definite statement, and GRANTS Plaintiffs' motion for leave to amend.

## II.  BACKGROUND

6        In 2000, four civil actions were filed against Plaintiffs for alleged interceptions of
7  consumers' private electronic communications (hereinafter, "underlying actions").  (Complaint at ¶
8  15.)  The plaintiffs in those suits argued that two of Plaintiffs' products acted in concert to
9  surreptitiously collect personal and private information in violation of the Electronic
10 Communications and Privacy Act, and the Computer Fraud and Abuse Act.  (Complaint at ¶ 16.)
11 Plaintiffs allege they promptly notified their respective insurers, Defendants in the instant action, of
12 the claims in order to trigger defense and indemnity obligations. (Complaint at ¶ 18.)  As to
13 Defendant Federal Insurance, Plaintiffs believe their first-party and third-party liability insurance
14 provided them with coverage from liability for "personal injuries" such as those alleged in the
15 underlying actions.  (Complaint at ¶ 22.)  Issued under the "Electronics Insurance Program," the
16 policy ran from April 1998 to April 30, 1999.  As to Defendant St. Paul Mercury, Plaintiffs believe
17 their policy covered them from liability for "personal injuries" such as those alleged in the
18 underlying actions.  Issued as a technology commercial general liability policy, it ran from April 1,
19 1999 to April 1, 2000.  As to Defendant Executive Risk, Plaintiffs believe their policy covered the
20 underlying actions because it covered "Media Activities," defined as "all matter ... on the World
21 Wide Web ... accessible via "www.aol.com."  (Complaint at ¶ 28.)  This policy ran from April 1,
22 1999 to April 1, 2000.

23       Defendants denied coverage and did not pay any benefits.  Plaintiffs allege they were forced
24 to defend and resolve the suits with their own resources, at the cost of $ 4,273,064 in attorneys' fees.
25 The four underlying actions eventually settled at the cost of $100,000.  (Complaint at ¶ 33.)
26 Plaintiffs also anticipate an additional $1,340,113,86 to resolve an appeal.  Id.  Based on the

2

forgoing, Plaintiffs seek compensatory and punitive damages, costs of suit, and prejudgment and post-judgment interest. Additionally, Plaintiffs seek to enjoin Defendants from committing the alleged unfair business practice of "automatically denying all claims that implicate their 'personal injury' and/or 'Media Activities' coverages when privacy allegations are asserted against insureds." (Complaint at ¶ 78.)   Lastly, Plaintiffs seek an "order directing Defendants to disgorge to the public all funds and profits acquired by means of any act or practice described herein which is found by the Court to be unlawful, unfair or fraudulent within the meaning of that statute."  (Complaint at ¶80.)

Defendants make three arguments and one argument in the alternative.  First, Defendants contend that Plaintiffs have improperly labeled their claim under the unfair competition act, California Business & Professions Code § 17200, instead of under the Uniform Insurance Practices Act § 790.03 ("UIPA"), which bars certain types of private actions against insurers.  Second, Defendants contend that the § 17200 claim is legally deficient because Plaintiffs have failed to allege that they have no other adequate remedies.  Third, Defendants contend that Plaintiffs improperly seek non-restitutionary disgorgement.  In the alternative, Defendants request that the Court require Plaintiffs to provide a more definite statement of the facts supporting the claim.

### III. STANDARDS

**A.  Motion to Dismiss**

Under Rule 12(b)(6), a plaintiff's claims or entire complaint may be dismissed by the court for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). See, e.g., Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, 407 F.3d 1027, 1032 (9th Cir. 2005) (affirming district court's partial Rule 12(b)(6) dismissal).  A Rule 12(b)(6) motion tests the legal sufficiency of the claims stated in the complaint. The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy.  Unless the answer is unequivocally in the negative, the motion must be denied. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); De La Cruz v. Tormey (9th Cir. 1978). In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff, (2) accept all well-pleaded factual allegations

3

as true, and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Because of the liberal federal pleading rules, a 12(b)(6) dismissal is proper only in "extraordinary" cases. U.S. v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

**B.     Motion for More Definite Statement**

A motion for more definite statement, like a motion to dismiss for failure to state a claim, is viewed with disfavor and is rarely granted. Cellars v. Pacific Coast Packaging. Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999). "[T]he proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." Federal Sav. and Loan Ins. Corp. v. Musacchio, 695 F.Supp. 1053, 1060 (N.D. Cal. 1988) (citing Famolare Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981)).

IV.  DISCUSSION

Section 17200 defines unfair competition as "any unlawful, unfair or fraudulent business act or practice ..." and establishes three types of unfair competition– unlawful, unfair, or fraudulent acts or practices. Schnall v. Hertz Corp., 78 Cal. App. 4th 1144, 1153 (2000). "Unlawful" practices are those practices that are prohibited by law, whether "civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." Saunders v. Superior Court, 27 Cal. App. 4th 832, 839 (citing People v. McKale, 25 Cal. 3d 626, 632 (1979)). "Unfair" practices are those practices "whose harm to the victim outweighs its benefits." Id. (citing Motors, Inc. v. Times Mirror Co., 102 Cal. App. 3d 735, 740 (1980)); Progressive West Ins. Co., v. Yolo County Superior Court, 37 Cal. Rptr. 3d 434, 453 (2005). "Fraudulent" practices are those practices that are likely to deceive the public and do not refer to the tort of fraud. Id; Heighley v. J.C.Penney Life Ins. Co., 257 F. Supp. 2d 1241, 1259 (C.D. Cal. 2003) (citing Committee on Children's Television, Inc. v. General Foods Corp., 35 Cal. 3d 197, 211 (1983).

**A.     Re-casting UIPA claims under Section 17200**

Defendants argue that Plaintiffs improperly characterize their claim as a section 17200 claim.

4

They contend that Plaintiffs' claim circumvents the UIPA, which bars certain types of private actions against insurers. (St. Paul Mot. to Dis., at 7.) The court disagrees.

The scope of Section 17200 was left intentionally broad to enable judicial tribunals to "deal with the innumerable new schemes which the fertility of man's invention would contrive." Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 83 Cal. Rptr. 2d 548, 561 (1999) (citing American Philatelic Soc. v. Claibourne, 46 P.2d 135, 140 (1935)). Here, the focus is on whether Plaintiffs' allegations independently meet any of the three types of unfair competition proscribed by section 17200. State Farm Fire & Casualty Co. v. Superior Court, 53 Cal. Rptr. 2d 229, 237 (1996).[1] In State Farm, the Plaintiff claimed that the Defendant insurance company changed its earthquake coverage policies without giving proper notice and without consent. The Plaintiff argued that they were misled into paying the same premiums for diminished coverage. The Plaintiff's claims included a breach of contract, a breach of the implied covenant of good faith and a violation of the Unfair Competition Act. The Defendant argued that these claims were an improper attempt to plead around the UIPA's bar of private actions against insurers. The court disagreed, reasoning that whether the UIPA was violated was irrelevant; the focus was on whether the common law claims were independently actionable under the Unfair Competition Act Id. Here, the court finds Plaintiffs' common law claims sufficient to meet the requirements of section 17200. Other courts, too, have held that a pattern of conduct which disregarded common law doctrine and misled consumers constituted "unfair business practices," as "immoral, unethical ... or substantially injurious to consumers." Progressive, 37 Cal. Rptr. 3d at 453.

**B.     No Adequate Remedy**

Defendants next argue that Plaintiffs fail to meet the requirements for bringing a claim under section 17200. According to Defendants, Plaintiffs are required, but have failed, to allege the inadequacy of the legal remedies available to them.

---

[1] The California Supreme Court modified the State Farm test for unfairness, but limited its holding to business competitors in an antitrust action. Cel-Tech, 83 Cal. Rptr. 2d at 565.

5

1       To plead a claim for violation of the UCA, a party must allege the following: (1) plaintiff's status as an insured or intended beneficiary of the insurance policy, (2) the existence of the policy, (3) the insurer's conduct and that such conduct was an unfair, unlawful or fraudulent business practice in violation of Bus. & Prof. Code § 17200, (4) *plaintiff has no adequate remedy at law*, (5) a request for injunctive relief and or restitution (monetary damages are not recoverable under the UCA), and (6) a request for attorney's fees. Heighley v. J.C. Penney Life Ins. Co., 257 F. Supp. 2d 1241, 1259-60 (C.D. Cal., 2003) (emphasis added); Crosky et al., California. Practice Guide: Insurance Litigation § 15:112. See Stewart v. Life Ins. Co. of North America, 388 F. Supp. 2d 1138, 1144 (E.D. Cal. 2005) (citing Cel-Tech, 83 Cal. Rptr. 2d 548).

      In Stewart, the Plaintiff asserted that the Defendant insurance company misled its customers by failing to give notice of delinquent payments. The Plaintiff sought to recover benefits on an insurance policy that had expired due to lack of payment. The Defendant brought a motion for summary judgment against the section 17200 claim. The court granted the motion because the Plaintiff failed to allege that she had no adequate remedy at law. The court noted that the Plaintiff's breach of contract claim would provide any benefits owed and that the Plaintiff did not seek injunctive relief.

      In this case, Plaintiffs similarly claim a breach of contract, and therefore have an adequate remedy to recover the money owed to them under the insurance policies. Plaintiffs, however, contend that they are entitled to bring a section 17200 claim to recover two additional types of remedies: injunctive relief and disgorgement. Plaintiffs' position is untenable for the following reasons.

      First, as Defendants point out, the complaint fails to establish any ongoing need for injunctive relief. Rather, the complaint contains allegations that each of the policies at issue were in effect for a finite period, ending no later than April of 2000. If indeed the parties are no longer in contractual privity, which the complaint clearly suggests, Plaintiffs have no basis for seeking injunctive relief.

6

1 Second, Plaintiffs are not entitled to seek disgorgement on behalf of the public. Section 17203 of the California Business & Professions Code, which was amended in 2004, provides in pertinent part that a party seeking relief on behalf of the public must satisfy class action pleading requirements. Plaintiffs' complaint lacks the requisite class allegations.

Accordingly, the Court grants Defendants' motions to dismiss the section 17200 claim.[2]

**C.       Leave to Amend**

Plaintiffs request leave to amend their complaint if the Court grants Defendants' motions to dismiss. Rule 15(a) provides that a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. A motion to dismiss is not a responsive pleading within the meaning of Rule 15(a). FED. R. CIV. P. 15(a); Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1530 (9th Cir. 1995). Federal policy strongly favors determination of cases on their merits and amendments to pleadings should be allowed with "extreme liberality." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). Here, Defendants have not filed a responsive pleading. Therefore, Plaintiffs' request for leave to amend the complaint is granted.

**D.       Motion for More Definite Statement**

Because the Court is granting Defendants' motions to dismiss and granting Plaintiffs leave to amend, it is largely unnecessary to address Defendants' motion for a more definite statement. Nevertheless, the Court notes that Plaintiffs allege that Defendants "have a policy or practice of automatically denying all claims that implicate their 'personal injury' and /or 'Media Activities' coverages when privacy allegations are asserted against insureds." (Complaint at ¶ 78-79.) These allegations are sufficiently definite to enable Defendants to frame a responsive pleading. Claims alleging violations of section 17200 do not require pleading with particularity. Quelimane Co. v. Stewart Title Guaranty Co., 77 Cal. Rptr. 2d 709, 720 (1998). Generalized allegations of a violation can be sufficient. Id. Therefore, the Court denies Defendant's motion for a more definite statement.

---

[2] Because the Court is dismissing the section 17200 claim, the Court finds it unnecessary to address Defendants' motion to strike the prayer for relief associated with the section 17200 claim.

7

## V.  CONCLUSION

For the reasons stated above, this Court GRANTS Defendants' motions to dismiss, GRANTS Plaintiffs' motion for leave to amend, and DENIES Defendants' motion for a more definite statement, and DENIES as moot Defendants' motion to strike the prayer for relief.  Plaintiffs shall file and serve an amended complaint no later than March 20, 2006.

Dated: February 22, 2006    /s/James Ware
06cv198dismiss                              JAMES WARE
                                            United States District Judge

United States District Court
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Daniel J. Bergeson dbergeson@be-law.com
Gordon I. Endow gendow@gordonrees.com
Jeffrey M. Ratinoff jratinoff@gordonrees.com
Leslie Ann Pereira lpereira@abelsonherron.com
Marc G. Van Niekerk mvanniekerk@be-law.com
Michael Bruce Abelson mabelson@abelsonherron.com
Monique M. Fuentes courtir@rdblaw.com
Sara M. Thorpe sthorpe@gordonrees.com
Terrence R. McInnis courtir@rdblaw.com

**Dated: February 22, 2006**　　　　　　　　　　**Richard W. Wieking, Clerk**

　　　　　　　　　　　　　　　　　　　　　　　　**By:\_/s/JW Chambers_____**
　　　　　　　　　　　　　　　　　　　　　　　　　**Melissa Peralta**
　　　　　　　　　　　　　　　　　　　　　　　　　**Courtroom Deputy**

**United States District Court**
For the Northern District of California