Netscape Communications Corporation et al v. Federal Insurance Company et al Doc. 58 Att. 1


# EXHIBIT A

Dockets.Justia.com

**EXHIBIT A**

**AOL REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS which, in whole or in part, interpret, explain, and/or provide meaning to and/or for the following "personal injury offense" in the ST. PAUL POLICY: *"making known to any person or organization written or spoken material that violates a person's right of privacy."*

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:**

ST. PAUL objects to this request to the extent it seeks documents or information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other judicially-recognized protection or privilege. ST. PAUL objects to this request as vague and ambiguous as to the terms "interpret" and "meaning." This Request is also overbroad as to time and unduly burdensome and seeks documents not relevant to the scope of this litigation or reasonably calculated to lead to discovery of admissible evidence. The parties did not discuss or negotiate the language in the general liability form, including this particular personal injury offense and the language is clear and unambiguous. Any documents created after issuance of the subject policy are not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, ST. PAUL has provided documents that pertain to history and intent regarding this particular personal injury offense in the commercial general liability form. ST. PAUL has produced "Side by Side" documents that explain changes in the form in 1991 and 1996. St. Paul has not located any earlier "Side by Side" documents pertaining to the commercial general liability form. St. Paul has produced all "Side by Side" documents it has located pertaining to the technology commercial general liability form.

**AOL REQUEST FOR PRODUCTION NO. 22:**

All transcripts of deposition or trial testimony given by ST. PAUL personnel concerning any claim under the "personal injury" or "advertising injury" portions of any policy issued by ST. PAUL concerning the following offense: *"making known to any person or organization written or spoken material that violates a person's right of privacy."*

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 22:**

ST. PAUL objects to this request on the grounds that it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. ST. PAUL objects to this request to the extent it seeks documents or information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other judicially-recognized protection or privilege. Further, the deposition testimony sought by AOL pertains to activities and affairs of other ST. PAUL insureds and disclosure of this information violates the privacy interests of these insureds. ST. PAUL also objects to this Request as overbroad and unduly burdensome, as ST. PAUL does not collect the requested documents and the request is not limited to a specific time period. ST. PAUL further objects to the production of the specific transcript AOL has identified pertaining to James Zacharski's testimony in the Melrose Hotel litigation for all the above reasons and because this transcript contains confidential testimony regarding settlement discussions and it is subject to a protective order in that litigation and production of this transcript by ST. PAUL would violate the terms of that protective order.

**NETSCAPE REQUEST FOR PRODUCTION NO. 6:**

All "Side By Side" comparisons relating to the "*making known*" provision of the Personal Injury coverage in YOUR general liability and/or technology general liability policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

ST. PAUL objects to producing these documents as they are not relevant to this dispute and not reasonably calculated to lead to the discovery of admissible evidence. ST. PAUL further objects to this Request as overbroad, including as to time, and unduly burdensome. The parties did not discuss or negotiate the language in the general liability form, including this particular personal injury offense and the language is clear and unambiguous. Any documents created after issuance of the subject policy are not relevant to this litigation or reasonably calculated to lead to discovery of admissible evidence.

Subject to and without waiving these objections, ST. PAUL has produced "Side by Side" documents that explain what changes in the commercial general liability form in 1991 and 1996. St. Paul has not located any earlier "Side by Side" documents pertaining to the commercial general liability form. St. Paul has produced all "Side by Side" documents it has located pertaining to the technology commercial general liability form.

**NETSCAPE REQUEST FOR PRODUCTION NO. 7:**

All "Side By Side" comparisons relating to the *"making known"* provision of the Advertising Injury coverage in YOUR general liability and/or technology general liability policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

ST. PAUL objects to producing these documents as they are not relevant to this dispute and not reasonably calculated to lead to the discovery of admissible evidence. ST. PAUL further objects to this Request as overbroad, including as to time, and unduly burdensome. The parties did not discuss or negotiate the language in the general liability form, including this particular personal injury offense and the language is clear and unambiguous. Any documents created after issuance of the subject policy are not relevant to this litigation or reasonably calculated to lead to discovery of admissible evidence.

Subject to and without waiving these objections, ST. PAUL has produced "Side by Side" documents that explain changes in the commercial general liability form in 1991 and 1996. St. Paul has not located any earlier "Side by Side" documents pertaining to the commercial general liability form. St. Paul has produced all "Side by Side" documents it has located pertaining to the technology commercial general liability form.

**NETSCAPE REQUEST FOR PRODUCTION NO. 8:**

All "Side By Side" comparisons relating to the "Deliberately breaking the law" exclusion in YOUR general liability and/or technology general liability policy.

**NETSCAPE RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

ST. PAUL objects to producing documents that are irrelevant to this dispute and not reasonably calculated to lead to the discovery of admissible evidence. ST. PAUL further objects to this Request as overbroad, including as to time, and unduly burdensome. The parties did not discuss or negotiate the language in the general liability form, including this particular personal injury offense and the language is clear and unambiguous. Any documents created after issuance of the subject policy are not relevant to this litigation or reasonably calculated to lead to discovery of admissible evidence.

Subject to and without waiving these objections, ST. PAUL has produced "Side by Side" documents that explain changes in the commercial general liability form in 1991 and 1996. St. Paul has not located any earlier "Side by Side" documents pertaining to the commercial general liability form. St. Paul has produced all "Side by Side" documents it has located pertaining to the technology commercial general liability form.

**PLAINTIFFS' TOPIC FOR EXAMINATION NO. 4:**

All changes to the "*making known*" language of the "personal injury liability" coverage in ST. PAUL'S technology commercial liability policy since 1985.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 4:**

ST. PAUL objects to this topic as being overbroad and unduly burdensome, including as to time. ST. PAUL objects to the topic to the extent it includes subject matter that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence in this matter. The parties did not negotiate the policy form language and, therefore, its creation is not at issue in the lawsuit. The policy form language is clear and unambiguous. Any changes made subsequent to the issuance of the subject policy are not relevant to this dispute or reasonably calculated to lead to discovery of admissible evidence.

Subject to and without waiving these objections, ST. PAUL will produce Eric Solberg to testify regarding any changes to the "making known" language in the technology commercial general liability form made in 1991 and 1996.

**PLAINTIFFS' TOPIC FOR EXAMINATION NO. 5:**

All changes to the "*making known*" language of the "Personal Injury liability" coverage in St. PAUL'S commercial liability policy since 1985.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 5:**

ST. PAUL objects to this topic as being overbroad and unduly burdensome, including as to time. ST. PAUL objects to the topic to the extent it includes subject matter that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence in this matter. The parties did not negotiate the policy form language and, therefore, its history is not at issue in the lawsuit. The policy form language is clear and unambiguous. Any changes made subsequent to the issuance of the subject policy are not relevant to this dispute or reasonably calculated to lead to discovery of admissible evidence. Further, the policy at issue is a technology commercial general liability policy.

Subject to and without waiving these objections, ST. PAUL has agreed to produce Eric Solberg testify regarding any changes to the "making known" language made in 1991 and 1996.

# EXHIBIT B

# EXHIBIT B

## *Netscape v. Federal Insurance*
## PRIVILEGE LOG
## Claim File (Bates nos. SPM 0643-1352)

| DATE | BATES NO. | AUTHOR | Recipient | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|
| 02/09/05 | SPM 0644 | Michelle Enright | James Zacharski | Email correspondence | Withheld - Attorney-client privilege; attorney work product |
| 02/03/05 | SPM 1289-1324 | Not applicable | Not applicable | Federal decisions from the District of Columbia | Withheld - Attorney-client privilege; attorney work product; not relevant |
| 06/07/04 | SPM 1325 | Dan Weiss | Yvonne Konder | Email correspondence | Redacted – Not relevant to this litigation |
| 03/17/06 | SPM 1326 & SPM 1328 (identical) | James Zacharski | Sandra Mendez | Email correspondence | Withheld – Attorney-client privilege; attorney work product (post-litigation material) |

TRAV/1036622 v.1