ABELSON | HERRON LLP
Michael Bruce Abelson (State Bar No. 130739)
Leslie A. Pereira (State Bar No. 180222)
333 South Grand Ave, Suite 650
Los Angeles, California 90071-1559
Telephone: (213) 402-1900
Facsimile: (213) 402-1901

BERGESON, LLP
Daniel J. Bergeson (State Bar No. 105439)
Marc Van Niekerk (State Bar No. 201329)
303 Almaden Boulevard, Suite 500
San Jose, California 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Plaintiffs
NETSCAPE COMMUNICATIONS CORPORATION and AMERICA ONLINE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

NETSCAPE COMMUNICATIONS CORPORATION, et al.,

Plaintiffs,

v.

FEDERAL INSURANCE COMPANY, et al.,

Defendants.

CASE NO. C-06-00198 JW (PVT)

**PLAINTIFF NETSCAPE COMMUNICATIONS CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT ST. PAUL MERCURY INSURANCE COMPANY**

Action Filed: December 12, 2005
Action Removed: January 11, 2006



Dockets.Justia.com

PROPOUNDING PARTY: NETSCAPE COMMUNICATIONS CORP.
RESPONDING PARTY: ST. PAUL MERCURY INS. CO.
SET NO.: ONE [Nos. 1 - 14]

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Netscape Communications Corp. hereby requests that, within thirty (30) days hereof, Defendant St. Paul Mercury Ins. Co. respond to and produce for inspection and copying all documents and other materials responsive to the following requests for production.

Unless otherwise agreed by counsel, production of responsive information shall be made on August 23, 2006 at 9:00 a.m. at the Law Offices of Abelson | Herron LLP, 333 South Grand Ave., Suite 650, Los Angeles, CA 90071.

**DEFINITIONS AND INSTRUCTIONS**

A. "DOCUMENTS" shall have the same meaning as the term "WRITING" in Federal Evidence Code § 1001(1).

B. "SMARTDOWNLOAD CLAIM" means any demand made by NETSCAPE and/or AOL for insurance coverage in connection with the following actions and/or investigations brought against NETSCAPE and/or AOL: *Specht v. Netscape Communications Corp. and American Online, Inc.*, 00 CIV 4871 (S.D.N.Y.); *Weindorf v. Netscape Communications Corp. and America Online, Inc.*, No. 00 CIV 6219 (S.D.N.Y.); *Gruber v. Netscape Communications Corp. and America Online, Inc.*, No. 00 CIV 6249 (S.D.N.Y.); *Mueller v. Netscape Communications Corp. and America Online, Inc.*, No. 00 CIV 01723 (D.D.C.); and investigation by New York's Attorney General into consumer protection issues associated with Netscape Communicator and/or Smartdownload.

C. "ST. PAUL," "YOU," and "YOUR" all mean St. Paul Mercury Insurance Co. and all PERSONS acting for, on behalf of, or at the direction of ST. PAUL, including any and all ST. PAUL employees, officers, directors, agents, representatives, contractors, consultants and/or attorneys who acted, in whole or in part, in one or more of those capacities at any time.

D. If YOU claim that any DOCUMENT which is responsive to the following requests for production is privileged, then please prepare a privilege log in which YOU:

1. Identify its title and general subject matter;

2. State its date;

3. Identify its author(s);

4. Identify the person for whom it was prepared or to whom it was sent;

5. State the nature of the privilege claimed (i.e. attorney-client privilege or work product); and

6. State in detail all facts upon which YOU base YOUR claim of privilege.

## DOCUMENTS AND THINGS TO BE PRODUCED

Please produce the following:

1. Copies of all DOCUMENTS in YOUR internal electronic claim program relating to the SMARTDOWNLOAD CLAIM including, but not limited to, file notes, "claim history reports," and "caption report views."

2. All DOCUMENTS interpreting and/or revising the Advertising Injury provisions in YOUR technology commercial general liability policy form 47150 including, but not limited to, any filing memorandums.

3. All DOCUMENTS interpreting and/or revising the Personal Injury provisions in YOUR technology commercial liability policy form 47150 including, but not limited to, any filing memorandums.

4. All internal training materials related to YOUR technology commercial liability policy form 47150 including, but not limited to, a document entitled "Technology e-Commerce and Network of Solutions Training Manual."

5. The document entitled "Technology Commercial General Liability 2001 Questions and Answers" and any equivalent document for the years 1999, 2000, 2002 and 2003.

6. All "Side By Side" comparisons relating to the Personal Injury coverage in YOUR commercial general liability and/or technology commercial general liability policy

7. All "Side By Side" comparisons relating to the Advertising Injury coverage in YOUR commercial general liability and/or technology commercial general liability policy.

8. All "Side By Side" comparisons relating to the "Deliberately breaking the law" exclusion in YOUR commercial general liability and/or technology commercial general liability policy.

9. All Actuarial and Underwriting Services Memos that pertain to the Personal Injury coverage in YOUR commercial general liability and/or technology commercial general liability policy.

10. All Actuarial and Underwriting Services Memos that pertain to the Advertising Injury coverage in YOUR commercial general liability and/or technology commercial general liability policy.

11. All Actuarial and Underwriting Services Memos that pertain to the "Deliberately breaking the law" exclusion in YOUR commercial general liability and/or technology commercial general liability policy.

12. All DOCUMENTS that explain and/or relate to the July 2001 revision to the Personal Injury coverage in policy form 47150

13. Each and every "Notice of Coverage Change for Technology Commercial General Liability Protection."

14. All DOCUMENTS not previously produced which refer to, or explain, any of the topics designated in AOL's Notice of Deposition to ST. PAUL

Dated: July 24, 2006

ABELSON | HERRON LLP
Michael Bruce Abelson
Leslie A. Pereira

By [signature]
Leslie A. Pereira
Attorneys for Plaintiffs
Netscape Communications Corporation and America Online, Inc.

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

I am over the age of 18 and not a party to the within action; I am employed by Abelson | Herron, LLP in the County of Los Angeles at 333 South Grand Avenue, Suite 650, Los Angeles, California, 90071-1559.

On July 24, 2006, I served the foregoing document(s) described as:

**PLAINTIFF NETSCAPE COMMUNICATIONS CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT ST. PAUL MERCURY INSURANCE COMPANY**

The document(s) was served by the following means:

☐ **BY PERSONAL SERVICE** I personally delivered the documents to the persons at the addresses listed in the attached service list. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age.

☐ **BY U.S. MAIL** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses in the attached service list and placed the sealed envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the said date, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope or package with postage fully prepaid

× **BY OVERNIGHT DELIVERY** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in the attached service list. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **BY MESSENGER SERVICE** I enclosed the documents in an envelope or package addressed to the persons in the attached service list and provided them to a professional messenger service for service. *(A declaration by the messenger is contained in the Declaration of Messenger below.)*

☐ **BY FACSIMILE TRANSMISSION** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in the attached service list. Our facsimile activity report indicated that all pages were transmitted successfully. No error was reported by the fax machine that I used.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION** Based on the court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Executed on July 24, 2006 at Los Angeles, California.

Soonja Bin

# SERVICE LIST

**Netscape Communications Corporation, et al. v. Federal Insurance Company, et al.**

**USDC Case No.: C-06-00198 JW (PVT)**

| | |
|---|---|
| Sara M Thorpe, Esq.<br>D. Christopher Kerby, Esq.<br>GORDON & REES LLP<br>Embarcadero Center West<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111<br>Tel: (415) 986-5900<br>Fax: (415) 986-8054 | Attorney for Defendant<br>ST PAUL MERCURY INSURANCE COMPANY |