Netscape Communications Corporation et al v. Federal Insurance Company et al Doc. 59 Att. 2



ABELSON | HERRON LLP
Michael Bruce Abelson (State Bar No. 130739)
Leslie A. Pereira (State Bar No. 180222)
333 South Grand Ave, Suite 650
Los Angeles, California 90071-1559
Telephone: (213) 402-1900
Facsimile: (213) 402-1901

BERGESON, LLP
Daniel J. Bergeson (State Bar No 105439)
Marc Van Niekerk (State Bar No. 201329)
303 Almaden Boulevard, Suite 500
San Jose, California 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Plaintiffs
NETSCAPE COMMUNICATIONS CORPORATION and AMERICA ONLINE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

NETSCAPE COMMUNICATIONS CORPORATION, et al.,

Plaintiffs,

v.

FEDERAL INSURANCE COMPANY, et al.,

Defendants.

CASE NO. C-06-00198 JW (PVT)

**PLAINTIFF AMERICA ONLINE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT ST. PAUL MERCURY INSURANCE COMPANY**

Action Filed: December 12, 2005
Action Removed: January 11, 2006



Dockets.Justia.com

PROPOUNDING PARTY: AMERICA ONLINE, INC.

RESPONDING PARTY: ST. PAUL MERCURY INS. CO.

SET NO.: ONE [Nos. 1 - 25]

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Netscape Communications Corp. hereby requests that, within thirty (30) days hereof, Defendant St. Paul Mercury Ins. Co. respond to and produce for inspection and copying all documents and other materials responsive to the following requests for production.

Unless otherwise agreed by counsel, production of responsive information shall be made on April 3, 2006 at 9:00 a.m. at the Law Offices of Abelson | Herron LLP, 333 South Grand Ave., Suite 650, Los Angeles, CA 90071.

**DEFINITIONS AND INSTRUCTIONS**

A. "AOL" means America Online, Inc. and all PERSONS acting for, on behalf of, or at the direction of AOL, including any and all AOL employees, officers, directors, agents, representatives, contractors, consultants and/or attorneys who acted, in whole or in part, in one or more of those capacities at any time.

B. "DESCRIBE" means to state the following: (1) the name of the insured; (2) the date of the claim; (3) the nature of the claim; and (4) whether the claim was denied or accepted, in whole or in part, for coverage.

C. "IDENTIFY," when used to refer to a PERSON currently employed by ST. PAUL means to state the PERSON'S: (i) Full name, and any other name by which the PERSON was known or did business at any time; and (ii) job title(s), and each of them, while employed by ST. PAUL (or, in the absence of a job title, a brief description of the PERSON'S position(s)). The term "IDENTIFY," when used to refer to a PERSON **not** currently employed by ST. PAUL means to state the PERSON'S: (i) Full name, and any other name by which the PERSON was known or did business at any time; (ii) social security number; (iii) last known business address, including the name, street address and phone number of the business; (iv) last known residence address, including street address and telephone number; and (v) job title(s), and each of them,

while employed by ST. PAUL (or, in the absence of a job title, a brief description of the PERSON'S position(s)), and inclusive dates of employment with ST. PAUL

D. "NETSCAPE" means Netscape Communications Corp. and all PERSONS acting for, on behalf of, or at the direction of NETSCAPE, including any and all NETSCAPE employees, officers, directors, agents, representatives, contractors, consultants and/or attorneys who acted, in whole or in part, in one or more of those capacities at any time.

E. "PERSON" shall refer to any natural person, company, corporation, partnership, joint venture, proprietorship, or other organization or entity.

F. "SMARTDOWNLOAD CLAIM" means any demand made by NETSCAPE and/or AOL for insurance coverage in connection with the following actions and/or investigations brought against NETSCAPE and/or AOL: *Specht v. Netscape Communications Corp. and American Online, Inc.*, 00 CIV 4871 (S.D.N.Y.); *Weindorf v. Netscape Communications Corp. and America Online, Inc.*, No. 00 CIV 6219 (S.D.N.Y.); *Gruber v. Netscape Communications Corp. and America Online, Inc.*, No. 00 CIV 6249 (S.D.N.Y.); *Mueller v. Netscape Communications Corp. and America Online, Inc.*, No. 00 CIV 01723 (D.D.C.); and investigation by New York's Attorney General into consumer protection issues associated with Netscape Communicator and/or Smartdownload.

G. "ST. PAUL," "YOU," and "YOUR" all mean St. Paul Mercury Insurance Co. and all PERSONS acting for, on behalf of, or at the direction of ST. PAUL, including any and all ST. PAUL employees, officers, directors, agents, representatives, contractors, consultants and/or attorneys who acted, in whole or in part, in one or more of those capacities at any time.

H. "ST. PAUL POLICY" means policy number TE 09000917 issued by ST. PAUL for the period April 1, 1999 to April 1, 2000, including all declarations and endorsements thereto.

I. If YOU claim that any DOCUMENT which is responsive to the following requests for production is privileged, then please prepare a privilege log in which YOU:

1. Identify its title and general subject matter;

2. State its date;

3. Identify its author(s);

4. Identify the person for whom it was prepared or to whom it was sent;

5. State the nature of the privilege claimed (i.e. attorney-client privilege or work product); and

6. State in detail all facts upon which YOU base YOUR claim of privilege.

**DOCUMENTS AND THINGS TO BE PRODUCED**

Please produce the following:

1. A certified copy of the ST. PAUL POLICY.

2. All DOCUMENTS which constitute and/or reflect, in whole or in part, the underwriting file for the ST. PAUL POLICY.

3. All DOCUMENTS that constitute underwriting manuals, policies, and/or guidelines used to evaluate AOL and/or NETSCAPE as a potential insured for the nature, type and level of coverage reflected by the ST. PAUL POLICY.

4. All DOCUMENTS that constitute and/or reflect, in whole or in part, claim files for the SMARTDOWNLOAD CLAIM including, without limitation, DOCUMENTS which otherwise constitute and/or reflect, in whole or in part, the evaluation, adjustment, supervision and/or handling of the SMARTDOWNLOAD CLAIM.

5. All DOCUMENTS which refer, in whole or in part, to the SMARTDOWNLOAD CLAIM.

6. All DOCUMENTS relied upon, whether in whole or in part, for purposes of determining the existence and/or non-existence of coverage for the SMARTDOWNLOAD CLAIM.

7. For each individual who, in any way, had responsibility for evaluating, adjusting, supervising and/or handling the SMARTDOWNLOAD CLAIM, an organizational chart which graphically depicts each such individual's department and his or her status, position and/or title within said department vis-à-vis others in the same department.

8. For each individual who, in any way, had responsibility for evaluating AOL and/or NETSCAPE as a potential insured for the nature, type and level of coverage reflected by the ST. PAUL POLICY, an organizational chart which graphically depicts each such individual's department and his or her status, position and/or title within said department vis-à-vis others in the same department.

9. Claims handling manual(s) in use during the time period January 1, 1998 up to and including the date of YOUR response to this Request for Production.

10. All DOCUMENTS which, in whole or in part, interpret, explain, and/or provide meaning to and/or for the ST. PAUL POLICY'S "Personal Injury and Advertising Injury for Non-Online Activities Endorsement."

11. All DOCUMENTS which, in whole or in part, interpret, explain, and/or provide meaning to and/or for the ST. PAUL POLICY'S phrase "Non-Online Activities."

12. All DOCUMENTS which, in whole or in part, interpret, explain, and/or provide meaning to and/or for the ST. PAUL POLICY'S phrase "Online Activities."

13. All DOCUMENTS which, in whole or in part, interpret, explain, and/or provide meaning to and/or for the ST. PAUL POLICY'S "Personal Injury and Advertising Injury Endorsement."

14. All DOCUMENTS which, in whole or in part, interpret, explain, and/or provide meaning to and/or for the "Personal injury liability" coverage in the ST. PAUL POLICY.

15. All DOCUMENTS which, in whole or in part, interpret, explain, and/or provide meaning to and/or for the following "personal injury offense" in the ST. PAUL POLICY: "making known to any person or organization written or spoken material that violates a person's right of privacy."

16. All DOCUMENTS which, in whole or in part, set forth ST. PAUL'S internal policies and procedures for handling and/or adjusting "personal injury" claims.

17. All DOCUMENTS which, in whole or in part, set forth ST. PAUL'S internal policies and procedures for handling and/or adjusting claims that allege privacy violations.

18. All DOCUMENTS which, in whole or in part, describe and/or limit Dale J Evensen's authority for adjusting or otherwise handling the SMARTDOWNLOAD CLAIM either by reason of dollar amount, type of claim, or otherwise.

19. All DOCUMENTS pertaining to any other claims made by NETSCAPE and/or AOL under the ST. PAUL POLICY.

20. All DOCUMENTS which relate, in whole or in part, to reserves allocated by YOU for the SMARTDOWNLOAD CLAIM.

21. All DOCUMENTS which constitute or relate to notice YOU have given of the SMARTDOWNLOAD CLAIM or this lawsuit under any reinsurance policies.

22. All transcripts of deposition or trial testimony given by ST. PAUL personnel concerning any claim for coverage under the "personal injury" portion of any policy issued by ST. PAUL

23. All DOCUMENTS which, in whole or in part, constitute and/or reflect claim files where ST. PAUL has paid, or been adjudged to pay, a claim pursuant to the "personal injury" portion of its policy.

24. All DOCUMENTS which, in whole or in part, constitute and/or reflect claim files where ST. PAUL has paid, or been adjudged to pay , a claim alleging privacy violations pursuant to the "personal injury" portion of its policy

25. Certified copies of any other commercial general liability policies issued by YOU and covering AOL and/or NETSCAPE during the period 1998 to 2005.

Dated: February 27, 2005

ABELSON | HERRON LLP
Michael Bruce Abelson
Leslie A. Pereira

By ______________________
Leslie A. Pereira
Attorneys for Plaintiffs
Netscape Communications Corporation and America Online, Inc.

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

I am over the age of 18 and not a party to the within action; I am employed by Abelson | Herron, LLP in the County of Los Angeles at 333 South Grand Avenue, Suite 650, Los Angeles, California, 90071-1559.

On February 27, 2006, I served the foregoing document(s) described as:

**PLAINTIFF AMERICA ONLINE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT ST. PAUL MERCURY INSURANCE COMPANY**

The document(s) was served by the following means:

☐ **BY PERSONAL SERVICE** I personally delivered the documents to the persons at the addresses listed in the attached service list. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age.

✕ **BY U.S. MAIL** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses in the attached service list and placed the sealed envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the said date, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope or package with postage fully prepaid.

☐ **BY OVERNIGHT DELIVERY** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in the attached service list. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **BY MESSENGER SERVICE** I enclosed the documents in an envelope or package addressed to the persons in the attached service list and provided them to a professional messenger service for service. *(A declaration by the messenger is contained in the Declaration of Messenger below.)*

☐ **BY FACSIMILE TRANSMISSION** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in the attached service list. Our facsimile activity report indicated that all pages were transmitted successfully. No error was reported by the fax machine that I used.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION** Based on the court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Executed on February 27, 2006 at Los Angeles, California.

Soonja Bin

Abelson | Herron LLP

**SERVICE LIST**

**Netscape Communications Corporation, et al. v. Federal Insurance Company, et al.**

**Case No.: C-06-00198 JW (PVT)**

| | |
|---|---|
| Monique M. Fuentes<br>Terrence R. McInnis<br>Ross Dixon & Bell, LLP<br>5 Park Plaza<br>Suite 1200<br>Irvine, CA 92614 8529<br>Tel: (949) 622 2700<br>Fax: (949) 622 2739 | Attorney for Defendants<br>FEDERAL INSURANCE COMPANY<br>EXECUTIVE RISK INDEMNITY INC. |
| Jeffrey M. Ratinoff<br>Gordon I. Endow<br>Sara M. Thorpe<br>GORDON & REES LLP<br>Embarcadero Center West<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111<br>Tel: (415) 986-5900<br>Fax: (415) 986-8054 | Attorney for Defendant<br>ST. PAUL MERCURY INSURANCE COMPANY |