UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETSCAPE COMMUNICATIONS CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL INSURANCE COMPANY, et al.,<br><br>　　　　Defendants. | Case No.: C 06-0198 JW (PVT)<br><br>**ORDER RE MOTION TO SEAL REPLY BRIEF AND SUPPORTING DOCUMENTS** |

　　　　On November 22, 2006, Defendant St. Paul Mercury Insurance Company ("Defendant") filed a request to seal a reply brief Plaintiffs filed with the court, and certain related exhibits.[1] The parties also filed a stipulation, and then a corrected stipulation, in which Plaintiffs indicate they do not oppose the motion to seal (although they reserve the right to reassert at a later time the arguments and evidence contained in the reply and supporting papers). Based on the motion and the file herein,

　　　　IT IS HEREBY ORDERED that the motion to seal is GRANTED IN PART and DENIED IN PART as discussed below.

　　　　The motion is GRANTED as to portions of Exhibit D,[2] as set forth in this paragraph.

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] As used herein, "Exhibit D" refers to Exhibit D to the Declaration of Leslie A. Pereira, filed herein on October 12, 2006 ("Pereira Declaration").

ORDER, *page 1*

1  Specifically, the motion is granted as to the email from Judi Lamble to Sara Thorpe, and the email
2  from Sara Thorpe to Judi Lamble. These are communications between attorney and client which are
3  presumed to be confidential and privileged. *See* CAL.EVID.CODE §§ 917, 952 & 954. Sealing these
4  portions of Exhibit D is warranted under Federal Rules of Civil Procedure 26 ("Rule 26") because
5  absent waiver by Defendant, disclosure of Defendant's privileged information violates Defendant's
6  state law right to preclude disclosure of that information. *See* CAL.EVID.CODE § 954.

   The motion is DENIED with regard to the first portion of Exhibit D, including everything
beginning with the word "Message" at the top of page 1 of the document, and ending at the line that
starts "**From:** Lamble." That first portion of Exhibit D is an email from one of Defendant's
attorneys to one of Plaintiffs' attorneys. While under California law attorney-client communications
are presumed to be confidential, the party claiming privilege nonetheless has the burden to show that
the communication sought to be suppressed is one that falls within the terms of the statute. *See,
Alpha Beta Co. v. Superior Court* 157 Cal.App.3d 818, 825 (1984). Defendant has not shown how
this communication between *opposing counsel* falls within the terms of the statute. Thus, this
portion of Exhibit D is not privileged.

   The motion is GRANTED as to the entire sentence starting with the words "In saying this," at
line 1 on page 6 of the Reply Brief, and the entire sentence starting with the words "Whether her" on
line 26 of page 6 of the Reply Brief, because the first sentence expressly discloses the content of an
attorney-client communication and the second sentence arguably discloses that content. Thus, these
sentences disclose information that is presumed to be confidential and privileged, and for which
sealing is warranted, as discussed above.

   The motion is DENIED as to the remaining portions of the Reply brief and the Pereira
Declaration. Paragraph 3 of the Pereira Declaration does not disclose any of the content of the
privileged communications, it merely identifies the email. The other challenged portions of the
Reply Brief are merely legal arguments that do not improperly disclose the content of any privileged
communication.[3]

---

[3] To the extent the brief cites Exhibit D as support for a statement reflected in both the privileged and non-privileged portions of Exhibit D, the presence of the information in the non-privileged portion of Exhibit D renders the citation non-objectionable.

ORDER, *page 2*

United States District Court
For the Northern District of California

To warrant sealing the non-privileged portions of the documents, Defendant must show "good cause" under Rule 26(c).  *See, e.g., Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1185-87 (9th Cir. 2006) (upholding trial court's decision to unseal documents attached to non-dispositive motion where party claiming confidentiality failed to make sufficient showing of good cause).  This is not a situation involving access to raw discovery documents which have not been filed with the court, which was the case in *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984).  As the Ninth Circuit has noted, once discovery material is filed with the court, the public policy reasons behind a strong presumption of access to judicial documents generally apply.  *See, Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134-35 (9th Cir. 2003).

The presumption of access can be deemed rebutted for documents for which the court has *already* made a determination that sealing is warranted under Rule 26(c).  As the Ninth Circuit explained:

> We reasoned that the presumption of access was rebutted because "[w]hen a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." Id. Applying the presumption of access in such a circumstance would undermine a district court's power to fashion effective protective orders. In short, "good cause" suffices to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions. As we noted previously, to have been sealed at all, the discovery material in this case should have met the "good cause" standard of Rule 26(c).  *Foltz*, 331 F.3d at 1135.

Defendant makes much of the distinction between dispositive and non-dispositve motions.  However, that distinction relates to whether or not *prior sealing* of a document by the court results in an automatic rebuttal to the presumption of public access to judicial documents.  *See Foltz*, 331 F.3d at 1135-36.  While the public's common law right to access court documents may be somewhat attenuated for non-dispositive motions, it nonetheless still exists.  *See, e.g., Kamakana v. City & County of Honolulu*, 447 F.3d at 1185-87.  In *Foltz* the Ninth Circuit explained that for documents filed in connection with non-dispositive motions, the presumption of public access is only "deemed rebutted" when there has *already* been a court finding of "good cause" to seal the document.  *Foltz*, 331 F.3d at 1135; *see also Kamakana v. City & County of Honolulu*, 447 F.3d at 1180.  Here, as to the Pereira Declaration and the portions of the Reply Brief and Exhibit D which the court is

declining to seal, there has been no prior court finding of "good cause" to seal, and Defendant fails to show that such a finding is warranted now. Defendant fails to cite any authority for sealing a document based solely on one party's disagreement with the statements and arguments in an opponent's brief. Nor has Defendant shown how it will be harmed if these portions of the documents are not sealed. "Broad allegations of harm, however, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *See Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992). Thus, Defendant has not shown "good cause" under Rule 26(c) for sealing the non-privileged portions of the documents.

IT IS FURTHER ORDERED that, no later than December 5, 2006, Plaintiff shall 1) file hard copies of the portions of the Reply Brief and Exhibit D the court has ordered sealed, in appropriate sealed envelopes with caption sheets attached that identify each document and bear the legend "FILED UNDER SEAL"; and 2) electronically file redacted versions of the Reply Brief and the Pereira Declaration (and exhibits) in which the sealed portions of the Reply Brief and Exhibit D are omitted. As soon as the hard copies of the sealed portions of the documents and the redacted electronic versions of the documents are filed, the court will remove the original documents from the court's electronic filing system.

IT IS FURTHER ORDERED that this order is without prejudice to Plaintiff later challenging the privileged status of the portion of Exhibit D sealed herein if Plaintiff can show that any or all of that portion of the document was not intended by Defendant to be confidential.

Dated: *11/29/06*

PATRICIA V. TRUMBULL
United States Magistrate Judge