SARA M. THORPE (SBN 146529)
sthorpe@gordonrees.com
D. CHRISTOPHER KERBY (SBN 124546)
ckerby@gordonrees.com
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
ST. PAUL MERCURY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT COURT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| NETSCAPE COMMUNICATIONS CORPORATION, a Delaware corporation; and AMERICAN ONLINE, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY, an Indiana corporation; et al.,<br><br>Defendants. | CASE NO. 5:06-CV-00198 JW (PVT)<br><br>**ADDITIONAL DECLARATION OF SARA M. THORPE IN SUPPORT OF ST. PAUL'S MOTION FOR LEAVE TO AMEND ADMISSION**<br><br>Dept.: 5<br>Magistrate Judge Patricia V. Trumbull |

I, Sara M. Thorpe, declare as follows:

1.   I am an attorney duly licensed to practice law in the State of California and before the federal courts in this State and a partner in the law firm of Gordon & Rees LLP. I am an attorney of record for defendant St. Paul Mercury Insurance Company ("St. Paul") in this matter. I have personal knowledge of the matters stated herein except as to matters upon which I state they are based upon information and belief. If called as a witness, I could and would competently testify to the same.

2.   During the course of the discovery in this coverage lawsuit, plaintiffs produced over 11,842 pages of documents over the course of the following dates: May 2006, June 22, 2006, and July 28, 2006. In May 2006, plaintiffs produced to St. Paul's counsel documents bates labeled NET/SDL 1 through 1944. On June 22, 2006, plaintiffs produced to St. Paul's counsel

-1-   CASE NO. 5:06-CV-00198 JW (PVT)
ADDITIONAL DECL. OF THORPE IN SUPPORT OF ST. PAUL'S MOTION FOR LEAVE TO AMEND ADMISSION

Dockets.Justia.com

documents bates labeled NET/SDL 1945 through 7842 and 8603-11342. On July 28, 2006, plaintiffs produced to St. Paul's counsel documents bates labeled NET/SDL 7843 through 8602, and 11343 through 11824. Among the documents produced are pleadings, correspondence, deposition transcripts, information about settlement discussions, and other documents.

3. On June 12, 2006, plaintiffs responded to St. Paul's RFA #12, a true and correct copy of which is attached here as Exhibit 8. The RFA states: "Admit the UNDERLYING COMPLAINTS do not allege any user information allegedly collected by AOL/Netscape through its SmartDownload program was made known to any person." Plaintiffs responded: "Deny."

4. On June 12, 2006, plaintiffs responded to St. Paul's interrogatories, a true and correct copy of which is attached here as Exhibit 9. Plaintiffs answered Interrogatory #9 ("identify and describe *in detail* the information upon which AOL relies for its response" [emphasis added]) with numerous general objections and the following: "The Underlying Actions allege that information allegedly collected by Netscape and/or AOL was made known to Netscape and/or AOL. Moreover, the plaintiffs in the Underlying Actions asserted that information allegedly collected by Netscape and/or AOL either was – or was to have been – shared with third parties." In response to Interrogatory #10 (persons with knowledge), plaintiffs objected that the request was not relevant and that interpretation of the complaints in the underlying actions called for a legal conclusion. In response to Interrogatory #11 (requesting documents), plaintiffs indicated: "Complaints in Underlying Actions."

5. On June 23, 2006, plaintiffs provided Supplemental Responses in connection with RFA #12, a true and correct copy of which are attached here as Exhibit 10. As a Supplemental Response to #9 (information), they provided the same answer as in the original response. As a Supplemental Response to #10 (persons with knowledge), they provided the same answer as in their original response. As a Supplemental Response to #11 (documents), they indicated: "Complaints in Underlying Actions, St. Paul Policy."

6. Attached here is a copy of Exhibit 129, the *Specht* class action complaint, which is the representative complaint plaintiffs and St. Paul rely upon in their cross-motions for

1  summary judgment.

2      7.    Attached here is a copy of Exhibit 217, AOL/Netscape's Memorandum of Law in Support of Motions to Dismiss filed in January 2003 in the class actions in which AOL/Netscape argued that the class action plaintiffs had failed to allege that there was any disclosure of private information to third parties. (See, at NET/SDL 0004012).

    8.    Attached here is a copy of Exhibit 226, Joshua Rubin's Amended Memorandum of Law in Opposition to AOL/Netscape's Motion to Dismiss filed in March 2003 in which the class action plaintiffs argued that they need not allege disclosure of private information to third parties in order to prevail on their claims of violation of the criminal statutes under which their claims were brought. (See, at NET/SDL 0004140).

    9.    Attached here is a copy of Exhibit 229, which are additional excerpts from the deposition of David Park (taken on October 20, 2003), which exhibit was used by St. Paul in the cross-motions for partial summary judgment.

Executed this 18th day of April, 2007 in San Francisco, California.

                                    *Sara M. Thorpe*
                                    SARA M. THORPE