# EXHIBIT 8

Dockets.Justia.com

1  ABELSON | HERRON LLP
       Michael Bruce Abelson (State Bar No. 130739)
2      Leslie A. Pereira (State Bar No. 180222)
3  333 South Grand Ave, Suite 650
   Los Angeles, California  90071-1559
4  Telephone:  (213) 402-1900
   Facsimile:  (213) 402-1901
5
6  BERGESON, LLP
       Daniel J. Bergeson (State Bar No. 105439)
7      Marc Van Niekerk (State Bar No. 201329)
   303 Almaden Boulevard, Suite 500
8  San Jose, California  95110-2712
   Telephone:  (408) 291-6200
9  Facsimile:  (408) 297-6000

10 Attorneys for Plaintiffs
   NETSCAPE COMMUNICATIONS
11 CORPORATION and AMERICA ONLINE, INC.

12

13              **UNITED STATES DISTRICT COURT**

14      **NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

15

16 NETSCAPE COMMUNICATIONS          CASE NO. C-06-00198 JW (PVT)
   CORPORATION, et al.,
                                    **PLAINTIFFS' RESPONSES TO ST.**
17          Plaintiffs,             **PAUL MERCURY INSURANCE**
                                    **COMPANY'S REQUESTS FOR**
18     v.                           **ADMISSIONS, SET NO. ONE**

19 FEDERAL INSURANCE COMPANY, et al. Action Filed:  December 12, 2005
                                    Action Removed:  January 11, 2006
20          Defendants.

21

22

23 **PROPOUNDING PARTY:**     **ST. PAUL MERCURY INSURANCE COMPANY**

24 **RESPONDING PARTY:**      **PLAINTIFFS NETSCAPE COMMUNICATIONS**
                             **CORPORATION AND AMERICA ONLINE, INC.**

25 **SET NO.:**              **ONE [Nos. 1 - 13]**

26

27

28

USDS CASE NO. C-06-00198 JW (PVT)        **PLAINTIFFS' RESPONSES TO ST. PAUL**
                                         **MERCURY INSURANCE COMPANY'S**
                                         **REQUESTS FOR ADMISSIONS, SET NO. ONE**

Abelson | Herron LLP

Exhibit  8

1    Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiffs America Online,

2  Inc. ("AOL") and Netscape Communications Corporation ("Netscape") hereby respond as

3  follows:

4  ### PRELIMINARY STATEMENT

5    On June 5, 2006, the parties submitted a Joint Case Management Statement to the Court

6  ("Joint CMS"). The Joint CMS proposes that the Court adopt a "phased" approach to this

7  litigation. As proposed by St. Paul, Phase One would pertain only to the issue of whether the

8  "personal injury" provision of the St. Paul policy provides coverage for the Underlying Actions;

9  Plaintiffs' position is that Phase One should also include resolution of the exclusions raised by

10  St. Paul including, but not limited to, any issues regarding the policy's reformation. Until this

11  issue is resolved by the Court, the parties have agreed that discovery will proceed only with

12  respect to the more narrow issues presented by St. Paul's Phase One proposal.

13    The responses set forth here are based on information and documents presently available

14  to and known to Plaintiffs. Discovery, further investigation, and legal research and analysis may

15  give rise to additional contentions, facts, documents and witnesses, all of which may lead to

16  substantial additions to, changes in or variations from these responses. Accordingly, Plaintiffs

17  reserve the right to change, modify, supplement, add to or subtract from its responses.

18    By responding to these requests for production, Plaintiffs do not waive, or intend to

19  waive, but rather intend to preserve and are preserving: (1) all objections as to competency,

20  relevancy, materiality and admissibility; (2) all objections on any grounds to the use of any of the

21  responses herein or documents in any subsequent proceedings, including the trial of this or any

22  other action; (3) all objections as to vagueness and ambiguity; and (4) all objections on any

23  grounds.

24  ### GENERAL OBJECTIONS

25    1.    Plaintiffs object to the Requests as improper to the extent they seek documents

26  and information beyond the scope of discovery contemplated by the Federal Rules of Civil

27  Procedure.

28

Abelson | Herron LLP

1      2.     Plaintiffs object to the Requests to the extent they seek information or documents

2 protected against disclosure by the attorney-client privilege and/or the attorney work product

3 doctrine.

4      3.     Plaintiffs object to the Requests to the extent they seek documents and/or

5 information that is confidential, proprietary, trade secret, constitutionally protected business

6 information, and/or information that is otherwise protected from discovery.  Plaintiffs will work

7 with St. Paul on an appropriate Protective Order to protect such information and materials.

8      4.     Plaintiffs object to the Requests to the extent they are overly broad, unduly

9 burdensome, harassing, and impose inappropriate burdens and expenses exceeding the

10 obligations imposed by the Federal Rules of Civil Procedure and case law.

11      5.     Plaintiffs object to the Requests to the extent they seek documents and/or

12 information already in the possession of St. Paul or its agents or that is equally available to St.

13 Paul.

14      6.     Plaintiffs object to the Requests to the extent they are irrelevant to the subject

15 matter of the pending action and not reasonably calculated to lead to the discovery of admissible

16 evidence.

17      7.     Plaintiffs object to the Requests to the extent they are vague and ambiguous.

18 The foregoing Preliminary Statement and General Objections are applicable to and specifically

19 incorporated into each response set forth herein below.  The assertion of any General Objection

20 does not preclude the assertion of specific objections.

## RESPONSES TO REQUESTS FOR ADMISSIONS

### REQUEST NO. 1:

Admit Virginia law applies to determine whether there is coverage under ST. PAUL POLICY for the UNDERLYING COMPLAINTS and AG INVESTIGATION.

### RESPONSE TO REQUEST NO. 1:

Denied.

Abelson | Herron LLP

**REQUEST NO. 2:**

Admit in the lawsuit titled "America Online, Inc. v. St. Paul Mercury Insurance Company" which AOL filed in the United States District Court for the Eastern District of Virginia, Virginia law was applied to a coverage dispute between AOL and ST. PAUL under the ST. PAUL POLICY.

**RESPONSE TO REQUEST NO. 2:**

Plaintiffs object to this Request on the ground that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Netscape Communications Corporation, one of the plaintiffs herein, was not a party to that action. Moreover, that action involved different factual circumstances and different legal issues. In addition, that action was brought under a different jurisdiction with different choice of law rules.

**REQUEST NO. 3:**

Admit that in 1999, Glenn Spencer was the Vice President of Risk Management at AOL.

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs object to this Request on the ground that it seeks information unrelated to Phase One. See Preliminary Statement.

**REQUEST NO. 4:**

Admit that on June 23, 2000, Glenn Spencer was the Vice President of Risk Management at AOL.

**RESPONSE TO REQUEST NO. 4:**

Plaintiffs object to this Request on the ground that it seeks information unrelated to Phase One. See Preliminary Statement.

**REQUEST NO. 5:**

Admit that from 1998 through 2001, MARSH acted on AOL's behalf for purposes of obtaining insurance coverage.

Abelson Herron LLP

1  **RESPONSE TO REQUEST NO. 5:**

2      Plaintiffs object to this Request on the ground that it seeks information unrelated to Phase

3  One. See Preliminary Statement.

4  **REQUEST NO. 6:**

5      Admit that the document attached hereto includes a true and correct copy of Glenn

6  Spencer's June 23, 2000 email communication from Spencer to MARSH.

7  **RESPONSE TO REQUEST NO. 6:**

8      Plaintiffs object to this Request on the ground that it seeks information unrelated to Phase

9  One. See Preliminary Statement.

10 **REQUEST NO. 7:**

11     Admit that it was AOL's intent "all along" to exclude coverage under the St. Paul Policy

12 for personal injury and advertising injury arising out of AOL's online activity.

13 **RESPONSE TO REQUEST NO. 7:**

14     Plaintiffs object to this Request on the ground that it seeks information unrelated to Phase

15 One. See Preliminary Statement.

16     AOL objects to this request on the ground that it is vague and ambiguous as to the phrase

17 "all along" and as to time period. AOL also objects to this request on the ground that it is vague

18 and ambiguous with respect to its use of the phrase "online activities." This term is specially

19 defined in the St. Paul Policy.

20 **REQUEST NO. 8:**

21     Admit SmartDownLoad is a service designed to assist in downloading files from the

22 Internet.

23 **RESPONSE TO REQUEST NO. 8:**

24     Plaintiffs object to this Request on the ground that it seeks information unrelated to Phase

25 One. See Preliminary Statement.

26     Plaintiffs also object to this Request on the ground that it is vague and ambiguous.

27

28

---

USDS CASE NO. C-06-00198 JW (PVT)                           PLAINTIFFS NETSCAPE AND AOL'S RESPONSES TO
                                        4                  ST. PAUL'S REQUESTS FOR ADMISSIONS, NO. ONE

Abelson Herron LLP

1  **REQUEST NO. 9:**

2      Admit the use of SmartDownLoad involves online activity.

3  **RESPONSE TO REQUEST NO. 9:**

4      Plaintiffs object to this Request on the ground that it seeks information unrelated to Phase

5  One. See Preliminary Statement.

6      Plaintiffs also object to this Request on the ground that it is vague and ambiguous with

7  respect to its use of the phrase "online activity." That phrase is specially defined in the St. Paul

8  Policy.

9  **REQUEST NO. 10:**

10      Admit the UNDERLYING COMPLAINTS allege claims that result from online activity.

11  **RESPONSE TO REQUEST NO. 10:**

12      Plaintiffs object to this Request on the ground that it seeks information unrelated to Phase

13  One. See Preliminary Statement.

14      Plaintiffs object to this Request on the ground that it is vague and ambiguous with respect

15  to its use of the phrase "online activity." That phrase is specially defined in the St. Paul Policy.

16  **REQUEST NO. 11:**

17      Admit the AG INVESTIGATION involved claims or alleged violations that result from

18  online activity.

19  **RESPONSE TO REQUEST NO. 11:**

20      Plaintiffs object to this Request on the ground that it seeks information unrelated to Phase

21  One. See Preliminary Statement.

22      Plaintiffs object to this Request on the ground that it is vague and ambiguous with respect

23  to its use of the phrase "online activity." That phrase is specially defined in the St. Paul Policy.

24  **REQUEST NO. 12:**

25      Admit the UNDERLYING COMPLAINTS do not allege any user information allegedly

26  collected by AOL/Netscape through its SmartDownLoad program was made known to any

27  person.

28

Abelson | Herron LLP

1  **RESPONSE TO REQUEST NO. 12:**

2      Denied.

3  **REQUEST NO. 13:**

4      Admit that in September 2000, when AOL, through MARSH, presented ST. PAUL an

5  endorsement with a proposed definition of "online activity," AOL was already aware of claims

6  of invasion of privacy involving the SmartDownLoad program.

7  **RESPONSE TO REQUEST NO. 13:**

8      Plaintiffs object to this Request on the ground that it seeks information unrelated to Phase

9  One. See Preliminary Statement.

10     Plaintiffs object to this Request on the ground that it is vague and ambiguous with respect

11 to its use of the phrase "online activity." That phrase is specially defined in the St. Paul Policy.

12 Dated:  June 12, 2006                              Respectfully Submitted,
                                                      ABELSON | HERRON LLP
13                                                      Michael Bruce Abelson
                                                      Leslie A. Pereira
14

15                                                    By
16                                                        Leslie A. Pereira
17                                                    Attorneys for Plaintiffs
                                                      NETSCAPE COMMUNCATIONS
18                                                    CORPORATION; AND
                                                      AMERICA ONLINE, INC.
19

20

21

22

23

24

25

26

27

28

PLAINTIFFS NETSCAPE AND AOL'S RESPONSES TO
ST. PAUL'S REQUESTS FOR ADMISSIONS, NO. ONE

Abelson | Herron LLP

1

## PROOF OF SERVICE

2

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

3

I am over the age of 18 and not a party to the within action; I am employed by Abelson |

4

Herron, LLP in the County of Los Angeles at 333 South Grand Avenue, Suite 650, Los Angeles,

California, 90071-1559.

5

On June 12, 2006, I served the foregoing document(s) described as:

6

**PLAINTIFF'S RESPONSES TO ST. PAUL MERCURY INSURANCE COMPANY'S**
**REQUESTS FOR ADMISSIONS, SET NO. ONE**

7

The document(s) was served by the following means:

8

☐ **BY PERSONAL SERVICE** I personally delivered the documents to the persons at the

9

addresses listed in the attached service list. (1) For a party represented by an attorney,

delivery was made to the attorney or at the attorney's office by leaving the documents in an

10

envelope or package clearly labeled to identify the attorney being served with a receptionist

or an individual in charge of the office. (2) For a party, delivery was made to the party or by

11

leaving the documents at the party's residence with some person not less than 18 years of

age.

12

☒ **BY U.S. MAIL** I enclosed the document(s) in a sealed envelope or package addressed to the

13

persons at the addresses in the attached service list and placed the sealed envelope or package

for collection and mailing, following our ordinary business practices. I am readily familiar

14

with this business's practice for collecting and processing correspondence for mailing. On

the said date, it is deposited in the ordinary course of business with the United States Postal

15

Service in a sealed envelope or package with postage fully prepaid.

16

☐ **BY OVERNIGHT DELIVERY** I enclosed the documents in an envelope or package

provided by an overnight delivery carrier and addressed to the persons at the addresses in the

17

attached service list. I placed the envelope or package for collection and overnight delivery

at an office or a regularly utilized drop box of the overnight delivery carrier.

18

☐ **BY MESSENGER SERVICE** I enclosed the documents in an envelope or package

addressed to the persons in the attached service list and provided them to a professional

19

messenger service for service. *(A declaration by the messenger is contained in the
Declaration of Messenger below.)*

20

☐ **BY FACSIMILE TRANSMISSION** Based on an agreement of the parties to accept service

21

by fax transmission, I faxed the documents to the persons at the fax numbers listed in the

attached service list. Our facsimile activity report indicated that all pages were transmitted

22

successfully. No error was reported by the fax machine that I used.

23

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION** Based on the court order or an

agreement of the parties to accept service by e-mail or electronic transmission, I caused the

24

documents to be sent to the persons at the e-mail addresses listed on the attached service list.

I did not receive, within a reasonable time after the transmission, any electronic message or

25

other indication that the transmission was unsuccessful.

26

I declare under penalty of perjury under the laws of United States of America that the

foregoing is true and correct.

27

Executed on June 12, 2006 at Los Angeles, California.

28

Soonja Bin

1

**SERVICE LIST**

2
<u>Netscape Communications Corporation, et al. v. Federal Insurance Company, et al.</u>

**Case No.: C-06-00198 JW (PVT)**

3

4
Sara M. Thorpe, Esq.
D. Christopher Kerby, Esq.
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 986-5900
Fax: (415) 986-8054

Attorneys for Defendant
ST. PAUL MERCURY INSURANCE COMPANY

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Abelson | Herron LLP

# EXHIBIT 9

1  ABELSON | HERRON LLP
   Michael Bruce Abelson (State Bar No. 130739)
2     Leslie A. Pereira (State Bar No. 180222)
3  333 South Grand Ave, Suite 650
  Los Angeles, California  90071-1559
4  Telephone:  (213) 402-1900
  Facsimile:  (213) 402-1901
5

6  BERGESON, LLP
   Daniel J. Bergeson (State Bar No. 105439)
7     Marc Van Niekerk (State Bar No. 201329)
  303 Almaden Boulevard, Suite 500
8  San Jose, California  95110-2712
  Telephone:  (408) 291-6200
9  Facsimile:  (408) 297-6000

10  Attorneys for Plaintiffs
  NETSCAPE COMMUNICATIONS
11  CORPORATION and AMERICA ONLINE, INC.

12

13            **UNITED STATES DISTRICT COURT**

14     **NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

15

| | |
|---|---|
| 16  NETSCAPE COMMUNICATIONS CORPORATION, et al., | CASE NO. C-06-00198 JW (PVT) |
| 17        Plaintiffs, | **PLAINTIFF'S RESPONSES TO ST. PAUL MERCURY INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES** |
| 18  v. | |
| 19  FEDERAL INSURANCE COMPANY, et al. | Action Filed:  December 12, 2005 |
| 20       Defendants. | Action Removed:  January 11, 2006 |

21

22

23  **PROPOUNDING PARTY:**   **ST. PAUL MERCURY INSURANCE COMPANY**

24  **RESPONDING PARTY:**    **PLAINTIFFS AMERICA ONLINE, INC. and NETSCAPE COMMUNICATIONS CORPORATION**

25  **SET NO.:**         **ONE [Nos. 1 - 10]**

26

27

28

PLAINTIFF'S RESPONSES TO ST. PAUL
MERCURY INSURANCE COMPANY'S FIRST
SET OF INTERROGATORIES

Abelson | Herron LLP

Exhibit ____9____

1    Plaintiffs America Online, Inc. and Netscape Communications Corporations

2  (collectively, "Plaintiffs") respond to Defendant St. Paul Mercury Insurance Company's First Set

3  of Interrogatories ("Interrogatories") as follows:

### PRELIMINARY STATEMENT

5    On June 5, 2006, the parties submitted a Joint Case Management Statement to the Court

6  ("Joint CMS"). The Joint CMS proposes that the Court adopt a "phased" approach to this

7  litigation. As proposed by St. Paul, Phase One would pertain only to the issue of whether the

8  "personal injury" provision of the St. Paul policy provides coverage for the Underlying Actions;

9  Plaintiffs' position is that Phase One should also include resolution of the exclusions raised by

10  St. Paul including, but not limited to, any issues regarding the policy's reformation. Until this

11  issue is resolved by the Court, the parties have agreed that discovery will proceed only with

12  respect to the more narrow issues presented by St. Paul's Phase One proposal.

13    The responses set forth here are based on information and documents presently available

14  to and known to Plaintiffs. Discovery, further investigation, and legal research and analysis may

15  give rise to additional contentions, facts, documents and witnesses, all of which may lead to

16  substantial additions to, changes in or variations from these responses. Accordingly, Plaintiffs

17  reserve the right to change, modify, supplement, add to or subtract from its responses.

18    By responding to the Interrogatories, Plaintiffs do not waive, or intend to waive, but

19  rather intend to preserve and are preserving: (1) all objections as to competency, relevancy,

20  materiality and admissibility; (2) all objections on any grounds to the use of any of the responses

21  herein or documents in any subsequent proceedings, including the trial of this or any other

22  action; (3) all objections as to vagueness and ambiguity; and (4) all objections on any grounds.

### GENERAL OBJECTIONS

24    1.    Plaintiffs object to the Interrogatories as improper to the extent they seek

25  information beyond the scope of discovery contemplated by the Federal Rules of Civil

26  Procedure.

Abelson | Herron LLP

2.     Plaintiffs object to the Interrogatories to the extent they seek information or documents protected against disclosure by the attorney-client privilege and/or the attorney work product doctrine.

3.     Plaintiffs object to the Interrogatories to the extent they seek information that is confidential, proprietary, trade secret, constitutionally protected business information, and/or information that is otherwise protected from discovery. Plaintiffs will work with St. Paul on an appropriate Protective Order to protect such information and materials.

4.     Plaintiffs object to the Interrogatories to the extent they are overly broad, unduly burdensome, harassing, and impose inappropriate burdens and expenses exceeding the obligations imposed by the Federal Rules of Civil Procedure and case law.

5.     Plaintiffs object to the Interrogatories to the extent they seek information already in the possession of St. Paul or its agents or is equally available to St. Paul.

6.     Plaintiffs object to the Interrogatories to the extent they are irrelevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence.

7.     Plaintiffs object to the Interrogatories to the extent they are vague and ambiguous.

8.     Plaintiffs object to the definition of "INSURANCE PROGRAM" in the Interrogatories on the ground that it overbroad and unduly burdensome to the extent that it seeks (1) information regarding insurance policies wholly unrelated and inapplicable to the underlying claims; and (2) information pertaining to policy periods not implicated by the underlying claims.

The foregoing Preliminary Statement and General Objections are applicable to and specifically incorporated into each response set forth herein below. The assertion of any General Objection does not preclude the assertion of specific objections.

Abelson Herron

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

IDENTIFY each and every insurance policy in the INSURANCE PROGRAMS, including the company that issued the policy, policy title, policy number, policy period, and type of insurance.

### RESPONSE TO INTERROGATORY NO. 1

Plaintiffs object to this Interrogatory on the ground that it seeks information unrelated to Phase One. See Preliminary Statement.

Plaintiffs also object to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent that it seeks (1) information regarding insurance policies wholly unrelated and inapplicable to the underlying claims; and (2) information pertaining to policy periods not implicated by the underlying claims. At the appropriate time, Plaintiffs will respond to a reasonably-tailored interrogatory which addresses the relevant issues in this case.

### INTERROGATORY NO. 2:

IDENTIFY all PERSONS at AOL involved with the creation, analysis and/or review of the AOL INSURANCE PROGRAM.

### RESPONSE TO INTERROGATORY NO. 2

Plaintiffs object to this Interrogatory on the ground that it seeks information unrelated to Phase One. See Preliminary Statement.

Plaintiffs also object to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent that it seeks (1) information regarding insurance policies wholly unrelated and inapplicable to the underlying claims; and (2) information pertaining to policy periods not implicated by the underlying claims. Plaintiffs further object to this Interrogatory on the ground that it is vague, ambiguous and overbroad with respect to its use of the phrase "creation, analysis and/or review." At the appropriate time, Plaintiffs will respond to a reasonably-tailored interrogatory which addresses the relevant issues in this case.

Abelson | Herron LLP

1    **INTERROGATORY NO. 3:**

2        As to each insurance policy identified in response to Interrogatory No. 1, IDENTIFY all

3    PERSONS at AOL involved with policy negotiations, modifications, drafts, analysis,

4    calculations, renewal, non-renewal, commutation, and/or cancellation.

5    **RESPONSE TO INTERROGATORY NO. 3**

6        Plaintiffs object to this Interrogatory on the ground that it seeks information unrelated to

7    Phase One. See Preliminary Statement.

8        Plaintiffs also object to this Interrogatory on the ground that it is overbroad and unduly

9    burdensome to the extent that it seeks (1) information regarding insurance policies wholly

10    unrelated and inapplicable to the underlying claims; and (2) information pertaining to policy

11    periods not implicated by the underlying claims.  Plaintiffs also object to this Interrogatory on

12    that ground that under the phased Discovery Plan proposed by St. Paul, this information is not

13    relevant at this time.  At the appropriate time, Plaintiffs will respond to a reasonably-tailored

14    interrogatory which addresses the relevant issues in this case.

15    **INTERROGATORY NO. 4:**

16        Describe in detail the circumstances under which AOL first learned about any claim that

17    the SmartDownLoad program invaded rights of privacy.

18    **RESPONSE TO INTERROGATORY NO. 4**

19        Plaintiffs object to this Interrogatory on the ground that it seeks information unrelated to

20    Phase One. See Preliminary Statement.

21        Plaintiffs also object to this Interrogatory on the ground that it is vague and ambiguous

22    with respect to its use of the term "claim."  Plaintiffs also object to this Interrogatory on the

23    ground that it is vague and ambiguous with respect to its use of the phrase "invaded rights of

24    privacy."  At the appropriate time, Plaintiffs will respond to a reasonably-tailored interrogatory

25    which addresses the relevant issues in this case.

26

27

28

Abelson Herron LLP

1    **INTERROGATORY NO. 5:**

2    　　Describe in detail the circumstances under which AOL first learned about each of the

3    claims set forth in the UNDERLYING COMPLAINTS, including but not limited to the

4    PERSON(S) who first learned about the claim and the date.

5    **RESPONSE TO INTERROGATORY NO. 5**

6    　　Plaintiffs object to this Interrogatory on the ground that it seeks information unrelated to

7    Phase One. <u>See</u> Preliminary Statement. At the appropriate time, Plaintiffs will respond to a

8    reasonably-tailored interrogatory which addresses the relevant issues in this case.

9    **INTERROGATORY NO. 6:**

10   　　IDENTIFY all claims tendered under Lloyd's Policy no. 823/FD9804728, and that

11   insurer's response to each of those tenders.

12   **RESPONSE TO INTERROGATORY NO. 6**

13   　　Plaintiffs object to this Interrogatory on the ground that it seeks information unrelated to

14   Phase One. <u>See</u> Preliminary Statement.

15   　　Plaintiffs also object to this Interrogatory on the ground that it is overbroad and unduly

16   burdensome to the extent it seeks information regarding claims other than those at issue in this

17   lawsuit. Plaintiffs also object to this Interrogatory on the ground that it seeks information that is

18   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

19   Plaintiffs further object to this Interrogatory on the ground that it seeks information that is

20   confidential. At the appropriate time, Plaintiffs will respond to a reasonably-tailored

21   interrogatory which addresses the relevant issues in this case.

22   **INTERROGATORY NO. 7:**

23   　　IDENTIFY all claims tendered under Executive Risk Insurance Company Policy no. 151-

24   166530-99, and that insurer's response to each of those tenders.

25   **RESPONSE TO INTERROGATORY NO. 7**

26   　　Plaintiffs object to this Interrogatory on the ground that it seeks information unrelated to

27   Phase One. <u>See</u> Preliminary Statement.

28   USDS CASE NO. C-06-00198 JW (PVT)

PLAINTIFF AOL'S RESPONSES TO ST. PAUL'S FIRST
SET OF INTERROGATORIES

Abelson | Herron LLP

1    Plaintiffs also object to this Interrogatory on the ground that it is overbroad and unduly

2    burdensome to the extent it seeks information regarding claims other than those at issue in this

3    lawsuit. Plaintiffs also object to this Interrogatory on the ground that it seeks information that is

4    neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5    Plaintiffs further object to this Interrogatory on the ground that it seeks information that is

6    confidential. At the appropriate time, Plaintiffs will respond to a reasonably-tailored

7    interrogatory which addresses the relevant issues in this case.

8    **INTERROGATORY NO. 8:**

9    As to Lloyd's Policy no. 823/FD9804728, state whether the policy was exhausted or

10   commuted, and whether it was replaced with like coverage.

11   **RESPONSE TO INTERROGATORY NO. 8**

12   Plaintiffs object to this Interrogatory on the ground that it seeks information unrelated to

13   Phase One. See Preliminary Statement.

14   Plaintiffs object to this Interrogatory on the ground that it seeks information that is

15   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

16   Plaintiffs also object to this Interrogatory on the ground that it is vague and ambiguous with

17   respect to its use of the term "commuted" and the phrase "like coverage." At the appropriate

18   time, Plaintiffs will respond to a reasonably-tailored interrogatory which addresses the relevant

19   issues in this case.

20   **INTERROGATORY NO. 9:**

21   As to each Request in ST. PAUL's Request for Admissions to Plaintiffs, Set. No. 1, that

22   AOL fails to admit without qualification, identify and describe in detail the information upon

23   which AOL relies for its response.

24   **RESPONSE TO INTERROGATORY NO. 9**

25   Subject to and without waiving their general objections, Plaintiffs respond as follows:

26   RFA No. 1: Plaintiffs contend that California law applies to the issues in this coverage

27   action. The primary plaintiff, Netscape Communications Corporation, is a resident of California

28

Abelson Herron LLP

1    and St. Paul owed Netscape duties in California. Moreover, the Netscape software product at

2    issue in the Underlying Actions – SmartDownload – was created in California and many

3    witnesses regarding the functionality of the product may still reside in California. In addition,

4    the Underlying Actions were nationwide class actions and, therefore, many of the claimants or

5    potential claimants were likely California residents.

6       RFA No. 2: Plaintiffs objected to RFA No. 2 on the ground that it seeks information

7    which is neither relevant nor reasonably calculated to lead to the discovery of admissible

8    evidence. Netscape Communications Corporation, one of the plaintiffs herein, was not a party to

9    that action. Moreover, that action involved different factual circumstances and different legal

10   issues. In addition, that action was brought under a different jurisdiction with different choice of

11   law rules.

12      RFA No. 12: The Underlying Actions allege that information allegedly collected by

13   Netscape and/or AOL was made known to Netscape and/or AOL. Moreover, the plaintiffs in the

14   Underlying Actions asserted that information allegedly collected by Netscape and/or AOL either

15   was – or was to have been – shared with third parties.

16   **INTERROGATORY NO. 10:**

17      As to each Request in ST. PAUL's Request for Admissions to Plaintiffs, Set No. 1, that

18   AOL fails to admit without qualification, IDENTIFY the PERSONS with knowledge upon

19   which AOL relies for its response.

20   **RESPONSE TO INTERROGATORY NO. 10:**

21      Subject to and without waiving their general objections, Plaintiffs respond as follows:

22      RFA No. 1: Plaintiffs object to this Interrogatory on the ground that it seeks information

23   which is neither relevant nor reasonable calculated to lead to the discovery of admissible

24   evidence. RFA No. 1 posed a purely legal question.

25      RFA No. 2: Plaintiffs objected to RFA No. 2 on the ground that it seeks information

26   which is neither relevant nor reasonably calculated to lead to the discovery of admissible

27   evidence. Netscape Communications Corporation, one of the plaintiffs herein, was not a party to

28   USDS CASE NO. C-06-00198 JW (PVT)                          PLAINTIFF AOL'S RESPONSES TO ST. PAUL'S FIRST
                                                                              SET OF INTERROGATORIES

Abelson Herron LLP

1    that action. Moreover, that action involved different factual circumstances and different legal

2    issues. In addition, that action was brought under a different jurisdiction with different choice of

3    law rules.

4         RFA No. 12:  Plaintiffs object to this Interrogatory on the ground that it seeks

5    information which is neither relevant nor reasonable calculated to lead to the discovery of

6    admissible evidence. RFA No. 12 merely makes an inappropriate request for an interpretation of

7    the complaints in the Underlying Actions – something which is a legal conclusion and can be

8    done by any person.

9    **INTERROGATORY NO. 11:**

10        As to each Request in ST. PAUL's Request for Admissions to Plaintiffs, Set No. 1, that

11   AOL fails to admit without qualification, IDENTIFY the DOCUMENTS upon which AOL relies

12   for its response.

13   **RESPONSE TO INTERROGATORY NO. 11:**

14        Subject to and without waiving their general objections, Plaintiffs respond as follows:

15        RFA No. 1:  Plaintiffs' complaints in this action; technical documents re:

16   SmartDownload produced in Underlying Actions; complaints in Underlying Actions.

17        RFA No. 2:  Plaintiffs objected to RFA No. 2 on the ground that it seeks information

18   which is neither relevant nor reasonably calculated to lead to the discovery of admissible

19   evidence. Netscape Communications Corporation, one of the plaintiffs herein, was not a party to

20   that action. Moreover, that action involved different factual circumstances and different legal

21   issues. In addition, that action was brought under a different jurisdiction with different choice of

22   law rules.

23        RFA No. 12:  Complaints in Underlying Actions.

24

25

26

27

28

Abelson | Herron LLP

1   Dated:  June 12, 2006

Respectfully Submitted,
ABELSON | HERRON LLP
  Michael Bruce Abelson
  Leslie A. Pereira

By
  Leslie A. Pereira
Attorneys for Plaintiff's
AMERICA ONLINE, INC.

Abelson | Herron LLP

**PROOF OF SERVICE**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

I am over the age of 18 and not a party to the within action; I am employed by Abelson | Herron, LLP in the County of Los Angeles at 333 South Grand Avenue, Suite 650, Los Angeles, California, 90071-1559.

On June 12, 2006, I served the foregoing document(s) described as:

**PLAINTIFF'S RESPONSES TO ST. PAUL MERCURY INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES**

The document(s) was served by the following means:

☐ **BY PERSONAL SERVICE** I personally delivered the documents to the persons at the addresses listed in the attached service list. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age.

☒ **BY U.S. MAIL** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses in the attached service list and placed the sealed envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the said date, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope or package with postage fully prepaid.

☐ **BY OVERNIGHT DELIVERY** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in the attached service list. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **BY MESSENGER SERVICE** I enclosed the documents in an envelope or package addressed to the persons in the attached service list and provided them to a professional messenger service for service. *(A declaration by the messenger is contained in the Declaration of Messenger below.)*

☐ **BY FACSIMILE TRANSMISSION** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in the attached service list. Our facsimile activity report indicated that all pages were transmitted successfully. No error was reported by the fax machine that I used.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION** Based on the court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Executed on June 12, 2006 at Los Angeles, California.

_____
Soonja Bin

**SERVICE LIST**

<u>Netscape Communications Corporation, et al. v. Federal Insurance Company, et al.</u>

**Case No.: C-06-00198 JW (PVT)**

Sara M. Thorpe
D. Christopher Kerby, Esq.
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 986-5900
Fax: (415) 986-8054

Attorney for Defendant
ST. PAUL MERCURY INSURANCE COMPANY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Abelson Herron LLP

# EXHIBIT 10

1   ABELSON | HERRON LLP
      Michael Bruce Abelson (State Bar No. 130739)
2      Leslie A. Pereira (State Bar No. 180222)
3   333 South Grand Ave, Suite 650
   Los Angeles, California  90071-1559
4   Telephone:  (213) 402-1900
   Facsimile:  (213) 402-1901
5

6   BERGESON, LLP
      Daniel J. Bergeson (State Bar No. 105439)
7      Marc Van Niekerk (State Bar No. 201329)
   303 Almaden Boulevard, Suite 500
8   San Jose, California  95110-2712
   Telephone:  (408) 291-6200
9   Facsimile:  (408) 297-6000

10  Attorneys for Plaintiffs
   NETSCAPE COMMUNICATIONS
11  CORPORATION and AMERICA ONLINE, INC.

12

13          **UNITED STATES DISTRICT COURT**

14   **NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

15

16  NETSCAPE COMMUNICATIONS      CASE NO. C-06-00198 JW (PVT)
   CORPORATION, et al.,
17                  **PLAINTIFF'S SUPPLEMENTAL**
         Plaintiffs,        **RESPONSES TO ST. PAUL MERCURY**
18                  **INSURANCE COMPANY'S FIRST SET**
       v.              **OF INTERROGATORIES**
19
   FEDERAL INSURANCE COMPANY, et al.  Action Filed:  December 12, 2005
20                  Action Removed:  January 11, 2006
       Defendants.
21

22

23   **PROPOUNDING PARTY:**    **ST. PAUL MERCURY INSURANCE COMPANY**

24   **RESPONDING PARTY:**    **PLAINTIFFS AMERICA ONLINE, INC. and NETSCAPE**
                      **COMMUNICATIONS CORPORATION**
25
   **SET NO.:**           **ONE [Nos. 1 - 10]**
26

27

28

   Abelson | Herron LLP    USDS CASE NO. C-06-00198 JW (PVT)         **PLAINTIFF'S SUPPLEMENTAL RESPONSES TO ST. PAUL MERCURY INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES**

Exhibit _10_

1    Plaintiffs America Online, Inc. and Netscape Communications Corporation (collectively,

2    "Plaintiffs") provide a supplemental response to Defendant St. Paul Mercury Insurance

3    Company's First Set of Interrogatories ("Interrogatories") as follows:

### PRELIMINARY STATEMENT

5    At the June 19, 2006 Case Management Conference in this matter, the Court accepted the

6    parties' proposal that the litigation be "phased." Specifically, the Court determined that the

7    parties would proceed with a "Phase One" which would permit discovery and motions on issues

8    pertaining to St. Paul's duty to defend under the terms of the St. Paul Policy. Discovery

9    unrelated to Phase One will be reserved until after completion of Phase One.

10    The responses set forth here are based on information and documents presently available

11    to and known to Plaintiffs. Discovery, further investigation, and legal research and analysis may

12    give rise to additional contentions, facts, documents and witnesses, all of which may lead to

13    substantial additions to, changes in or variations from these responses. Accordingly, Plaintiffs

14    reserve the right to change, modify, supplement, add to or subtract from its responses.

15    By responding to the Interrogatories, Plaintiffs do not waive, or intend to waive, but

16    rather intend to preserve and are preserving: (1) all objections as to competency, relevancy,

17    materiality and admissibility; (2) all objections on any grounds to the use of any of the responses

18    herein or documents in any subsequent proceedings, including the trial of this or any other

19    action; (3) all objections as to vagueness and ambiguity; and (4) all objections on any grounds.

### GENERAL OBJECTIONS

21    1.    Plaintiffs object to the Interrogatories as improper to the extent they seek

22    information beyond the scope of discovery contemplated by the Federal Rules of Civil

23    Procedure.

24    2.    Plaintiffs object to the Interrogatories to the extent they seek information or

25    documents protected against disclosure by the attorney-client privilege and/or the attorney work

26    product doctrine.

27

28

USDS CASE NO. C-06-00198 JW (PVT)                          PLAINTIFF AOL'S RESPONSES TO ST. PAUL'S FIRST
                                          1                 SET OF INTERROGATORIES

Abelson | Herron LLP

3.    Plaintiffs object to the Interrogatories to the extent they seek information that is confidential, proprietary, trade secret, constitutionally protected business information, and/or information that is otherwise protected from discovery.

4.    Plaintiffs object to the Interrogatories to the extent they are overly broad, unduly burdensome, harassing, and impose inappropriate burdens and expenses exceeding the obligations imposed by the Federal Rules of Civil Procedure and case law.

5.    Plaintiffs object to the Interrogatories to the extent they seek information already in the possession of St. Paul or its agents or is equally available to St. Paul.

6.    Plaintiffs object to the Interrogatories to the extent they are irrelevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence.

7.    Plaintiffs object to the Interrogatories to the extent they are vague and ambiguous.

8.    Plaintiffs object to the definition of "INSURANCE PROGRAM" in the Interrogatories on the ground that it overbroad and unduly burdensome to the extent that it seeks (1) information regarding insurance policies wholly unrelated and inapplicable to the underlying claims; and (2) information pertaining to policy periods not implicated by the underlying claims.

The foregoing Preliminary Statement and General Objections are applicable to and specifically incorporated into each response set forth herein below.  The assertion of any General Objection does not preclude the assertion of specific objections.

/ / /

/ / /

/ / /

Abelson Herron LLP

1    ## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

2    **INTERROGATORY NO. 1:**

3        IDENTIFY each and every insurance policy in the INSURANCE PROGRAMS,

4    including the company that issued the policy, policy title, policy number, policy period, and type

5    of insurance.

6    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1**

7        Plaintiffs object to this Interrogatory on the ground that it seeks information unrelated to

8    Phase One.  See Preliminary Statement.

9        Plaintiffs also object to this Interrogatory on the ground that it is overbroad and unduly

10    burdensome to the extent that it seeks (1) information regarding insurance policies wholly

11    unrelated and inapplicable to the underlying claims; and (2) information pertaining to policy

12    periods not implicated by the underlying claims.  At the appropriate time, Plaintiffs will respond

13    to a reasonably-tailored interrogatory which addresses the relevant issues in this case.

14    **INTERROGATORY NO. 2:**

15        IDENTIFY all PERSONS at AOL involved with the creation, analysis and/or review of

16    the AOL INSURANCE PROGRAM.

17    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2**

18        Plaintiffs object to this Interrogatory on the ground that it seeks information unrelated to

19    Phase One.  See Preliminary Statement.

20        Plaintiffs also object to this Interrogatory on the ground that it is overbroad and unduly

21    burdensome to the extent that it seeks (1) information regarding insurance policies wholly

22    unrelated and inapplicable to the underlying claims; and (2) information pertaining to policy

23    periods not implicated by the underlying claims.  Plaintiffs further object to this Interrogatory on

24    the ground that it is vague, ambiguous and overbroad with respect to its use of the phrase

25    "creation, analysis and/or review."  At the appropriate time, Plaintiffs will respond to a

26    reasonably-tailored interrogatory which addresses the relevant issues in this case.

27

28    

Abelson Herron LLP

1     **INTERROGATORY NO. 3:**

2        As to each insurance policy identified in response to Interrogatory No. 1, IDENTIFY all

3     PERSONS at AOL involved with policy negotiations, modifications, drafts, analysis,

4     calculations, renewal, non-renewal, commutation, and/or cancellation.

5     **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**

6        Plaintiffs object to this Interrogatory on the ground that it seeks information unrelated to

7     Phase One. See Preliminary Statement.

8        Plaintiffs also object to this Interrogatory on the ground that it is overbroad and unduly

9     burdensome to the extent that it seeks (1) information regarding insurance policies wholly

10    unrelated and inapplicable to the underlying claims; and (2) information pertaining to policy

11    periods not implicated by the underlying claims.  Plaintiffs also object to this Interrogatory on

12    that ground that under the phased Discovery Plan proposed by St. Paul, this information is not

13    relevant at this time.  At the appropriate time, Plaintiffs will respond to a reasonably-tailored

14    interrogatory which addresses the relevant issues in this case.

15    **INTERROGATORY NO. 4:**

16        Describe in detail the circumstances under which AOL first learned about any claim that

17    the SmartDownLoad program invaded rights of privacy.

18    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**

19        Plaintiffs object to this Interrogatory on the ground that it seeks information unrelated to

20    Phase One. See Preliminary Statement.

21        Plaintiffs also object to this Interrogatory on the ground that it is vague and ambiguous

22    with respect to its use of the term "claim."  Plaintiffs also object to this Interrogatory on the

23    ground that it is vague and ambiguous with respect to its use of the phrase "invaded rights of

24    privacy."  Subject to and without waiving their objections, Plaintiffs respond as follows:

25    Plaintiffs believe they first learned about claims that the SmartDownLoad program invaded

26    rights of privacy when they were served with copies of the underlying actions.

27

28

Abelson|Herron LLP

1  **INTERROGATORY NO. 5:**

2      Describe in detail the circumstances under which AOL first learned about each of the

3  claims set forth in the UNDERLYING COMPLAINTS, including but not limited to the

4  PERSON(S) who first learned about the claim and the date.

5  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

6      Subject to and without waiving their objections, Plaintiffs respond as follows:  Lawsuits

7  filed against Netscape and/or AOL in 2000 were directed to AOL's Office of the General

8  Counsel whereupon they were then assigned to a particular attorney for handling.  Shortly after

9  receipt by Netscape and AOL, the SmartDownload complaints were assigned to attorney Charles

10  Curran.

11  **INTERROGATORY NO. 6:**

12      IDENTIFY all claims tendered under Lloyd's Policy no. 823/FD9804728, and that

13  insurer's response to each of those tenders.

14  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

15      Plaintiffs object to this Interrogatory on the ground that it seeks information unrelated to

16  Phase One.  See Preliminary Statement.

17      Plaintiffs also object to this Interrogatory on the ground that it is overbroad and unduly

18  burdensome to the extent it seeks information regarding claims other than those at issue in this

19  lawsuit.  Plaintiffs also object to this Interrogatory on the ground that it seeks information that is

20  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

21  Plaintiffs further object to this Interrogatory on the ground that it seeks information that is

22  confidential.  At the appropriate time, Plaintiffs will respond to a reasonably-tailored

23  interrogatory which addresses the relevant issues in this case.

24  **INTERROGATORY NO. 7:**

25      IDENTIFY all claims tendered under Executive Risk Insurance Company Policy no. 151-

26  166530-99, and that insurer's response to each of those tenders.

27

28  USDS CASE NO. C-06-00198 JW (PVT)                          PLAINTIFF AOL'S RESPONSES TO ST. PAUL'S FIRST
                                                                           SET OF INTERROGATORIES

                                         5

Abelson Herron LLP

1  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

2      Plaintiffs object to this Interrogatory on the ground that it seeks information unrelated to

3  Phase One. See Preliminary Statement.

4      Plaintiffs also object to this Interrogatory on the ground that it is overbroad and unduly

5  burdensome to the extent it seeks information regarding claims other than those at issue in this

6  lawsuit.  Plaintiffs also object to this Interrogatory on the ground that it seeks information that is

7  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

8  Plaintiffs further object to this Interrogatory on the ground that it seeks information that is

9  confidential.  At the appropriate time, Plaintiffs will respond to a reasonably-tailored

10  interrogatory which addresses the relevant issues in this case.

11  **INTERROGATORY NO. 8:**

12      As to Lloyd's Policy no. 823/FD9804728, state whether the policy was exhausted or

13  commuted, and whether it was replaced with like coverage.

14  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8**

15      Plaintiffs object to this Interrogatory on the ground that it seeks information unrelated to

16  Phase One. See Preliminary Statement.

17      Plaintiffs object to this Interrogatory on the ground that it seeks information that is

18  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

19  Plaintiffs also object to this Interrogatory on the ground that it is vague and ambiguous with

20  respect to its use of the term "commuted" and the phrase "like coverage."  At the appropriate

21  time, Plaintiffs will respond to a reasonably-tailored interrogatory which addresses the relevant

22  issues in this case.

23  **INTERROGATORY NO. 9:**

24      As to each Request in ST. PAUL's Request for Admissions to Plaintiffs, Set. No. 1, that

25  AOL fails to admit without qualification, identify and describe in detail the information upon

26  which AOL relies for its response.

27

28

USDS CASE NO. C-06-00198 JW (PVT)                            PLAINTIFF AOL'S RESPONSES TO ST. PAUL'S FIRST
                                          6                           SET OF INTERROGATORIES

Abelson Herron LLP

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9

Subject to and without waiving their general objections, Plaintiffs respond as follows:

RFA No. 1:  Plaintiffs contend that California law applies to the issues in this coverage action.  The primary plaintiff, Netscape Communications Corporation, is a resident of California and St. Paul owed Netscape duties in California.  Moreover, the Netscape software product at issue in the Underlying Actions – SmartDownload – was created in California and many witnesses regarding the functionality of the product may still reside in California.  In addition, the Underlying Actions were nationwide class actions and, therefore, many of the claimants or potential claimants were likely California residents.

RFA No. 2:  Plaintiffs objected to RFA No. 2 on the ground that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Netscape Communications Corporation, one of the plaintiffs herein, was not a party to that action.  Moreover, that action involved different factual circumstances and different legal issues.  In addition, that action was brought under a different jurisdiction with different choice of law rules.

RFA No. 3:  Glenn Spencer was AOL's Vice President – Risk Strategies from February 2000 to February 2001.

RFA No. 4:  While employed at AOL, Glenn Spencer's title was Vice President – Risk Strategies.

RFA No. 5:  Beginning in early 1997, and continuing through 2001, MARSH brokers assisted AOL in placing some lines of insurance.  MARSH's agency status regarding its particular acts and functions is a legal question which varies in time, scope and nature.

RFA No. 7:  Plaintiffs objected to RFA No. 7 on the ground that it was vague and ambiguous with respect to its use of the phrases "all along" and "online activities."  Plaintiffs cannot properly respond to the Request as written inasmuch as that particular term, along with its meaning and application, are the subject of St. Paul's pending Counter-Claim for Reformation.

Abelson Herron ᴸᴸᴾ

1    RFA No. 9:  The parties' insurance contract defines "online activities" as the following:

2    "providing e-mail services, instant messaging services, 3rd party advertising, supplying 3rd party

3    content and providing internet access to 3rd parties."  The use of SmartDownload does not

4    implicate any such "online activities" as defined.  Furthermore, the term "online activities," as

5    well as its meaning and application, are the subject of St. Paul's pending Counter-Claim for

6    Reformation.

7    RFA No. 10:  The parties' insurance contract defines "online activities" as the following:

8    "providing e-mail services, instant messaging services, 3rd party advertising, supplying 3rd party

9    content and providing internet access to 3rd parties."  The underlying complaints do not allege

10   claims that result from any of these activities.

11   RFA No. 11:  The parties' insurance contract defines "online activities" as the following:

12   "providing e-mail services, instant messaging services, 3rd party advertising, supplying 3rd party

13   content and providing internet access to 3rd parties."  The AG Investigation did not involve

14   claims or alleged violations resulting from any of these activities.

15   RFA No. 12:  The Underlying Actions allege that information allegedly collected by

16   Netscape and/or AOL was made known to Netscape and/or AOL.  Moreover, the plaintiffs in the

17   Underlying Actions asserted that information allegedly collected by Netscape and/or AOL either

18   was – or was to have been – shared with third parties.

19   **INTERROGATORY NO. 10:**

20   As to each Request in ST. PAUL's Request for Admissions to Plaintiffs, Set No. 1, that

21   AOL fails to admit without qualification, IDENTIFY the PERSONS with knowledge upon

22   which AOL relies for its response.

23   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

24   Subject to and without waiving their general objections, Plaintiffs respond as follows:

25   RFA No. 1:  Plaintiffs object to this Interrogatory on the ground that it seeks information

26   which is neither relevant nor reasonable calculated to lead to the discovery of admissible

27   evidence.  RFA No. 1 posed a purely legal question.

28

USDS CASE NO. C-06-00198 JW (PVT)    8    PLAINTIFF AOL'S RESPONSES TO ST. PAUL'S FIRST
SET OF INTERROGATORIES

1        RFA No. 2:  Plaintiffs objected to RFA No. 2 on the ground that it seeks information

2    which is neither relevant nor reasonably calculated to lead to the discovery of admissible

3    evidence.  Netscape Communications Corporation, one of the plaintiffs herein, was not a party to

4    that action.  Moreover, that action involved different factual circumstances and different legal

5    issues.  In addition, that action was brought under a different jurisdiction with different choice of

6    law rules.

7        RFA No. 3:  Custodian of Records, AOL Human Resources.

8        RFA No. 4:  Custodian of Records, AOL Human Resources.

9        RFA No. 5:  Agency objections are legal objections.

10       RFA No. 7:  Plaintiffs objected to RFA No. 7 on the ground that it is vague and

11   ambiguous.  The objection to the Request is a legal one.

12       RFA No. 9:  Plaintiffs object to this Interrogatory on the ground that it seeks information

13   which is neither relevant nor reasonable calculated to lead to the discovery of admissible

14   evidence.  RFA No. 9 merely makes an inappropriate request for a legal conclusion and can be

15   done by any person.  The objection to the Request is a legal one.

16       RFA No. 10:  Plaintiffs object to this Interrogatory on the ground that it seeks

17   information which is neither relevant nor reasonable calculated to lead to the discovery of

18   admissible evidence.  The objection to the Request is a legal one.

19       RFA No. 11:  Plaintiffs object to this Interrogatory on the ground that it seeks

20   information which is neither relevant nor reasonable calculated to lead to the discovery of

21   admissible evidence.  The objection to the Request is a legal one.

22       RFA No. 12:  Plaintiffs object to this Interrogatory on the ground that it seeks

23   information which is neither relevant nor reasonable calculated to lead to the discovery of

24   admissible evidence.  RFA No. 12 merely makes an inappropriate request for an interpretation of

25   the complaints in the Underlying Actions – something which is a legal conclusion and can be

26   done by any person.

27

28

Abelson|Herron ʟʟᴘ

1    **INTERROGATORY NO. 11:**

2         As to each Request in ST. PAUL's Request for Admissions to Plaintiffs, Set No. 1, that

3    AOL fails to admit without qualification, IDENTIFY the DOCUMENTS upon which AOL relies

4    for its response.

5    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

6         Subject to and without waiving their general objections, Plaintiffs respond as follows:

7         RFA No. 1:  Plaintiffs' complaints in this action; technical documents re:

8    SmartDownload produced in Underlying Actions; complaints in Underlying Actions.

9         RFA No. 2:  Plaintiffs objected to RFA No. 2 on the ground that it seeks information

10   which is neither relevant nor reasonably calculated to lead to the discovery of admissible

11   evidence.  Netscape Communications Corporation, one of the plaintiffs herein, was not a party to

12   that action.  Moreover, that action involved different factual circumstances and different legal

13   issues.  In addition, that action was brought under a different jurisdiction with different choice of

14   law rules.

15        RFA No. 3:  Employment records.

16        RFA No. 4:  Employment records.

17        RFA No. 5:  None, a legally-based objection regarding agency issues is interposed.

18        RFA No. 7:  None; Plaintiffs objected to RFA No. 7.

19        RFA No. 9:  St. Paul policy, technical documents in underlying actions.

20        RFA No. 10:  Complaints in Underlying Actions, St. Paul policy.

21   / / /

22   / / /

23   / / /

24

25

26

27

28

USDS CASE NO. C-06-00198 JW (PVT)

10

PLAINTIFF AOL'S RESPONSES TO ST. PAUL'S FIRST
SET OF INTERROGATORIES

Abelson|Herron LLP

1    <u>RFA No. 11</u>:  AG Investigation, St. Paul policy.

2    <u>RFA No. 12</u>:  Complaints in Underlying Actions.

3

4    Dated:  June 23, 2006                            Respectfully Submitted,
                                                      ABELSON | HERRON LLP
5                                                        Michael Bruce Abelson
                                                         Leslie A. Pereira
6

7
                                                      By
8                                                        Michael Bruce Abelson
                                                      Attorneys for Plaintiffs
9                                                      AMERICA ONLINE, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
_____
USDS CASE NO. C-06-00198 JW (PVT)                    PLAINTIFF AOL'S RESPONSES TO ST. PAUL'S FIRST
                                    11                          SET OF INTERROGATORIES

Abelson | Herron LLP

## PROOF OF SERVICE

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

I am over the age of 18 and not a party to the within action; I am employed by Abelson | Herron, LLP in the County of Los Angeles at 333 South Grand Avenue, Suite 650, Los Angeles, California, 90071-1559.

On June 23, 2006, I served the foregoing document(s) described as:

**PLAINTIFFS' SUPPLEMENTAL RESPONSES TO ST. PAUL MERCURY INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES**

The document(s) was served by the following means:

☐ **BY PERSONAL SERVICE** I personally delivered the documents to the persons at the addresses listed in the attached service list. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age.

☑ **BY U.S. MAIL** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses in the attached service list and placed the sealed envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the said date, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope or package with postage fully prepaid.

☐ **BY MESSENGER SERVICE** I enclosed the documents in an envelope or package addressed to the persons in the attached service list and provided them to a professional messenger service for service. *(A declaration by the messenger is contained in the Declaration of Messenger below.)*

☐ **BY FACSIMILE TRANSMISSION** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in the attached service list. Our facsimile activity report indicated that all pages were transmitted successfully. No error was reported by the fax machine that I used.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION** Based on the court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Executed on June 23, 2006 at Los Angeles, California.

_L. Kotrba_
Lynelle R. Kotrba

Abelson | Herron LLP

1

**SERVICE LIST**

2    Netscape Communications Corporation, et al. v. Federal Insurance Company, et al.

3    USDC Case No.: C-06-00198 JW (PVT)

4    Sara M. Thorpe, Esq.
     D. Christopher Kerby, Esq.
     Attorney for Defendant,
     ST. PAUL MERCURY INSURANCE COMPANY

5    GORDON & REES LLP
     Embarcadero Center West

6    275 Battery Street, Suite 2000
     San Francisco, California 94111

7    Tel: (415) 986-5900
     Fax: (415) 986-8054

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Abelson | Herron LLP