EXHIBIT 129

Dennis E Love

Marsh USA, Inc.
1255 23rd Street, N.W.,
Suite 400
Washington, D.C. 20037
202 263 7634 Fax: 202 263 7700
Dennis.E.Love@marshmc.com

# MARSH

August 20, 2000

ST. PAUL FIRE & MARINE
INSURANCE COMPANY

SEP 0 5 2000

Dale Evensen, Esq.,
Technology Claims Attorney
St. Paul Fire and Marine Insurance Co.
385 Washington Street
St. Paul, Minnesota 55102-1396

DALE EVENSEN
CLAIM ATTORNEY
TECHNOLOGY CLAIM

Subject:  Specht, et. al. v. Netscape/AOL; Mueller et. al. v. Netscape/AOL

Dear Mr. Evensen:

Enclosed please find copies of the above-captioned cases which we are submitting for your review under policy number TE09000917, effective 4/1/99 to 6/1/2000, and 6/1/2000 to 6/1/2001. Please acknowledge receipt of these cases, and provide us with your coverage position at your earliest convenience. Please copy Charles Curran, Senior Counsel (703-265-3153), and Glenn Spencer, Vice President – Risk Strategies (703-265-2643) on all correspondence. Their address is as follows:

America Online, Inc.
22000 AOL Way
Dulles, VA 20166-9323

Thank you for your kind assistance.

Very truly yours,

Dennis E Love
Claims Consultant

cc:     Charles Curran, Senior Counsel, America Online, Inc.
        Glenn Spencer, Vice President – Risk Strategies, America Online, Inc.

VIA CERTIFIED MAIL

Evensen
DEPOSITION
EXHIBIT
129
PENGAD 1-800-631-6989

Exhibit 129

An **MMC** Company

SPM 0001

Aug-02-00  03:20pm    From-ABBEY GARDY SQUITIERI    +212684519    T-    P.03/38    F-738

# United States District Court

SOUTHERN    DISTRICT OF    NEW YORK

CHRISTOPHER SPECHT, individually
and on behalf of all others
similarly situated,

v

NETSCAPE COMMUNICATIONS CORPORATION and
AMERICA ONLINE, INC.,

00 CIV 4871

SUMMONS IN A CIVIL ACTION

CASE NUMBER

TO: (Name and address of Defendant)

Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, MA 02108-3194
Attn: Louis A. Goodman, Esq.
(617) 573-4822 Facsimile No.

Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
Attn: Larry Sonsini, Jim Strawbri
and Marty Korman
(650) 493-6811  Facsimile No.

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Abbey, Gardy & Squitieri, LLP
212 East 39th Street
New York, New York 10016
(212) 889-3700
Attn: Joshua N. Rubin, Esq.

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service
of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

JUN 3 0 2000

CLERK                                    DATE

BY DEPUTY CLERK

Aug-09-00  03:20pm  From-ABBEY GARDY SQUITIERI    +212584619?    806    P.04/08    F-408

**ORIGIN**

(PLACE AN x IN ONE BOX ONLY)

**BASIS OF JURISDICTION**

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☒ 3 FEDERAL QUESTION    ☐ 4 DIVERSITY
                                                (U.S. NOT A PARTY)

IF DIVERSITY, INDICATE
CITIZENSHIP BELOW.
(28 USC 1332, 1441)

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | | [ ]6 |

---

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)** (Calendar Rule 4(A))

Christopher Specht
931 Willow Avenue #5L        Hudson County
Hoboken, New Jersey 07030

---

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)** (Calendar Rule 4(A))

America Online, Inc.                    Netscape Communications Corporation
22000 AOL Way                           501 E. Middlefield Road
Dulles, Virginia 20166-9323             Mountain View, CA 04043
Attn: Stephen M. Case                   Attn: James L. Barksdale
Facsimile No.: (703) 265-1422           Facsimile No.: (650) 528-4126

---

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

---

Check one  THIS ACTION SHOULD BE ASSIGNED TO: ☐ WHITE PLAINS  ☒ FOLEY SQUARE
(DO NOT check either box if this is a PRISONER PETITION.)

DATE          SIGNATURE OF ATTORNEY OF RECORD
June 30, 2000

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[ ] YES (DATE ADMITTED Mo. 02   Yr. 86
Attorney Bar Code # JR-4118

Magistrate Judge is to be designated by the Clerk of the Court.

_____ is so Designated.

Magistrate Judge _____

James M. Parkison, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

SPM 0003

Aug-03-00 07:20pm  From-ABBEY GARDY SQUITIERI

# United States District Court

SOUTHERN    DISTRICT OF    NEW YORK

CHRISTOPHER SPECHT, individually
and on behalf of all others
similarly situated,

v

NETSCAPE COMMUNICATIONS CORPORATION and
AMERICA ONLINE, INC.,

**03 C7. 4871**

## SUMMONS IN A CIVIL ACTION

CASE NUMBER

TO: (Name and Address of Defendant)

Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, MA 02108-3194
Attn: Louis A. Goodman, Esq.
(617) 573-4822 Facsimile No.

Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
Attn: Larry Sonsini, Jim Strawbrid
and Marty Korman
(650) 493-6811  Facsimile No.

## YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Abbey, Gardy & Squitieri, LLP
212 East 39th Street
New York, New York 10016
(212) 889-3700
Attn: Joshua N. Rubin, Esq.

20

an answer to the complaint which is herewith served upon you, within _____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

JUN 3 J 2000

DATE

CLERK

SPM 0004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER SPECHT, JOHN GIBSON,
MICHAEL FAGAN, and SEAN KELLY,
individually and on behalf of
all others similarly situated,

        Plaintiffs,

        v.

NETSCAPE COMMUNICATIONS
CORPORATION and AMERICA ONLINE,
INC.,

        Defendants.

---

Civil Action No.
00 CIV. 4871 (AKH)

AMENDED
CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

Plaintiffs, individually and on behalf of all others similarly situated, by their attorneys, allege the following upon information and belief (except for those allegations pertaining to plaintiffs, which are based on personal knowledge), after due investigation by their counsel.

## NATURE OF THE ACTION

1. Plaintiffs bring this action on their own behalf and as a class action on behalf of a class (the "Class") consisting of plaintiffs and all other persons or entities whose electronic communications have been intercepted by defendants as set forth below, to recover damages caused to the Class by defendants' theft of their private information in violation of the Electronic Communications Privacy Act and the Computer Fraud and Abuse Act.

.1.

SPM 0005

2. Unbeknownst to the members of the Class, and without their authorization, defendants have been spying on their Internet activities. "SmartDownload," a product distributed by defendants to users of Netscape's "Communicator" Web browser, is an electronic bugging device. It secretly intercepts electronic communications between Web users and Web sites - communications to which defendants are not a party. It then transmits the contents of those communications - the name and location of files being exchanged over the Web, which Web user is requesting a given file and which Web site is providing it - back to defendants. SmartDownload captures and transmits this information without the consent of either the Web site or the Web user visiting the Web site. This continuing surveillance of the Class members' electronic communications permits Netscape to create a continuing profile of the Web site's and each visitor's file transfers using SmartDownload.

## JURISDICTION AND VENUE

3. Plaintiffs bring this action pursuant to Sections 2511 and 2520 of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C.A. §§ 2511 and 2520, and Section 1030 of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030.

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1137.

5. Venue is proper in this District pursuant to 28 U.S.C. §§

2.

SPM 0006

1391(b) and (c).  Each defendant maintains a permanent business office in this District.

6. In connection with the acts and conduct complained of, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including interstate telephone communications and the Internet.

## THE PARTIES

7. Plaintiff Christopher Specht maintains Web sites on the Internet at which visitors are invited to download exe files.

8. (Files that have been compressed using a particular method have file names ending with ".zip" and are known as "zip files."  Certain program files, which can be executed, have file names ending with ".exe" and are known as "exe files."  The only types of files that SmartDownload will download are zip files and exe files.)

9. Plaintiffs John Gibson, Michael Fagan, and Sean Kelly have used defendants' "SmartDownload" software to download files from Web sites on the Internet.

10. Defendant Netscape Communications Corporation ("Netscape") is a Delaware corporation with business offices in this District at 260 Madison Avenue and at 599 Lexington Ave, New York, NY, and principal executive offices at 501 E. Middlefield Road, Mountain View, California.  Netscape offers a broad range of Internet-related products and services and is best known for

.1.

SPM 0007

Aug-09-00  03:22pm    From-ABBEY GARDY SQUITIERI           +2128845181         T-966   P.00/00   F-000

its popular Web browser, Netscape Communicator, formerly known as Netscape Navigator (collectively referred to herein as "Communicator"), and its principal Internet site, NetCenter.

11. Defendant America Online, Inc. ("AOL") is a Delaware corporation with business offices in this District at 45 West 18th Street, New York, NY and its principal place of business at 22000 AOL Way, Dulles, Virginia. Defendant Netscape is a subsidiary of defendant AOL. According to AOL's corporate Web site, AOL

> is the world's leader in interactive services, Web brands, Internet technologies, and e-commerce services. America Online, Inc. operates: America Online, with more than 23 million members, and CompuServe, with more than 2.7 million members, the company's two worldwide Internet services; several leading Internet brands including ICQ, AOL Instant Messenger and Digital City, Inc.; the Netscape Netcenter and AOL.COM portals; the Netscape Navigator and Communicator browsers; AOL MovieFone, the nation's #1 movie listing guide and ticketing service; and Spinner.com and Nullsoft's Winamp, leaders in Internet music. Through its strategic alliance with Sun Microsystems, the company develops and offers easy-to-deploy, end-to-end e-commerce and enterprise solutions for companies operating in the Net Economy.

4.

SPM 0008

## CLASS ACTION ALLEGATIONS

12. Each plaintiff brings this action as a class action under Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of plaintiffs and all other United States persons or entities whose electronic communications have been intercepted by defendants by means of the SmartDownload software, as more fully set forth below ("the Class"). Excluded from the Class are the defendants herein, any subsidiary of either defendant, all employees and directors of either defendant or any subsidiary, and the legal representatives, heirs, successors or assigns of any such excluded person or entity.

13. The Class is so numerous that joinder of all members is impracticable. The members of the Class number in the millions. The members of the Class are geographically dispersed throughout the United States. The exact number of Class members is unknown at this time.

14. Plaintiffs' claims are typical of the claims of the other members of the Class, as plaintiffs and all other members of the Class were injured in exactly the same way - by the intentional theft of their private information in violation of federal law as complained of herein. Plaintiffs will fairly and adequately protect the interests of the other members of the Class and have retained counsel competent and experienced in

.5.

SPM 0009

class action litigation.

15. Plaintiffs have no interests that are contrary to or in conflict with those of the Class.

16. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members individually to seek redress for the wrongful conduct alleged.

17. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

18. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

a) whether defendants' acts as alleged herein violated the ECPA and/or the CFAA;

b) whether defendants participated in and pursued the concerted action or common course of conduct complained of; and

c) whether the members of the Class have sustained damages and, if so, the proper measure of such damages.

6.

SPM 0010

## SUBSTANTIVE ALLEGATIONS

19. Netscape has no bona fide existence independent of AOL. In November of 1998, defendant AOL agreed to merge with defendant Netscape (which was at the time publicly held) in exchange for AOL stock.

20. The merger was accounted for as a pooling of interests transaction.

21. Since the consummation of the merger, the operations of AOL and Netscape have been functionally merged and inextricably intermingled, as detailed in AOL's press release dated November 24, 1998 and in Item 1 of AOL's Annual Report on Form 10-K for the year ended June 30, 1999.

22. They routinely provide each other with financial, managerial, and informational resources, physical infrastructure and intellectual property without compensating each other or accounting for such use.

23. They are using Internet computers and other assets under their joint control to accomplish the wrongs complained of herein.

24. Netscape introduced SmartDownload in November of 1998, virtually simultaneously with the execution of the merger agreement with AOL.

25. SmartDownload facilitates the transfer of large files over the Internet by permitting a transfer to be resumed if it is

-7-

interrupted.

26. The program used to install Netscape's Communicator Web browser is over twelve megabytes in size. It takes at least a half-hour to download a file of this size using an ordinary telephone modem.

27. Defendants encourage anybody seeking to install or to upgrade Communicator to first download SmartDownload.

28. Once SmartDownload is downloaded and running on a Web user's computer, it automatically connects to Netscape's file servers and downloads the installation program for Communicator.

29. Defendants also encourage visitors to Netscape's NetCenter Web site to download and install SmartDownload even if they are not installing or upgrading Communicator.

30. The first time that a Web user runs Communicator after installing it, Communicator automatically creates and stores on the Web user's computer a small text file known as a "cookie." Netscape's cookie contains a unique and unchanging string of characters that is different from the string placed by Communicator in any other cookie on any other computer. This unique string permits Netscape's cookie to function as a kind of electronic identification tag in future communications with Netscape.

31. Many different Web sites can place many different cookies on a single computer. Cookies were originally intended to

8.

SPM 0012

provide temporary identification for purposes such as electronic commerce. For example, an online retail Web site can use a cookie to permit a consumer to shop through a series of Web pages while adding items to an online shopping cart, and to buy them. When a consumer clicks on a link to add an item to his cart, Communicator sends the contents of the cookie to the retailer, along with a reference to the item that the shopper wants to buy. Database programs on the retailer's computers automatically create a database record in which the item is associated with the identification string from the cookie. When the consumer wants to check out, Communicator sends the cookie again, along with the appropriate command. The retailer's database program culls those records containing the consumer's identification string, and a Web page summarizing the several items is presented to the consumer.

32. The unique identification information in Netscape's cookie permits Netscape to track which of the millions of different transmissions to its servers over time originate from a particular computer. Moreover, this unique identification string is not random, but instead reflects specific information about the particular Web user. The contents of the Netscape cookie include the Internet address of the individual computer through which the user is connecting to the Internet and the exact second in time when the cookie was created. Defendants refer to the

.9.

SPM 0013

combination of these two pieces of cookie information as a "User ID." If the user has provided his email address to defendant Netscape by registering at Netscape's NetCenter web site, defendants also cause the cookie to include the user's email address.

33. Similarly, when SmartDownload is first installed, it creates and stores in a part of the Windows operating system known as the Registry a unique string of characters that defendants refer to as the "Key" or the "UserID." This "Key" or "UserID" is not random but instead consists of the computer's "Machine Name," which is a string of characters signifying the name of that individual computer, and the serial number of the primary storage volume, i.e., of the "C:\" hard drive. This unique string permits the Key to function as an additional electronic identification tag in future communications with Netscape.

34. After the user has installed both Communicator and SmartDownload, SmartDownload assumes from Communicator the task of downloading various files. Communicator itself could and would perform these downloading tasks if SmartDownload were not installed.

35. Thereafter, each time a Web user downloads any file from any site on the Internet using SmartDownload, SmartDownload automatically transmits to defendants the name and Internet

10.

address of the file and the Web site from which it is being sent.
Within the same transmission, SmartDownload also includes the
contents of the Netscape cookie previously created by
Communicator and the "Key" previously created by SmartDownload.

36. For example, if a Web user uses SmartDownload to
download the setup program for Microsoft's Internet Explorer from
Microsoft's Web site, SmartDownload will transmit to defendants
the name of the setup file (e.g., "ie5setup.exe") and the Internet
address of the file within Microsoft's Web servers (e.g.,
"http://download.microsoft.com/download/ie55/install/5.5/win98/en
-us/"). Along with this information, SmartDownload sends the
contents of the Web user's Netscape cookie and the SmartDownload
Key. Thus, through SmartDownload's spying, Netscape can obtain
information about who is downloading which version of its
competitor's browser.

37. Similarly, plaintiff Specht offers visitors to his Web
sites the opportunity to download exe files that can be used to
connect to - and to open accounts with - small Internet Service
Providers that compete directly with defendant AOL. Thus,
through SmartDownload's spying, AOL can obtain information about
a) which Web users are looking into opening Internet access
accounts with AOL's competitors; b) which Web site operators are
assisting those competitors; and c) which Web site operators
threaten the greatest potential loss of business to AOL.

.11.

38. Defendants are using SmartDownload to eavesdrop. They are using SmartDownload to intercept and obtain information about communications to which they are not a party. Moreover, by including the contents of the Netscape cookie and the SmartDownload Key in the transmission, they are intentionally providing themselves with all of the information that they need to create moment-by-moment profiles of file transactions by both individual Web users and individual Web sites.

39. Defendants never disclose to the Class members that SmartDownload transmits information to Netscape.

40. SmartDownload's transmission of this data is functionally unrelated to its ability to resume downloads.

## COUNT I

### (Interception And Use Of Electronic Communications Under The ECPA)

41. Plaintiffs repeat and reallege each and every allegation contained above.

42. Plaintiffs assert this Count against both defendants, jointly and severally, pursuant to Sections 2511 and 2520 of the ECPA, 18 U.S.C. §§ 2511, 2520.

43. Section 2511 of the ECPA provides, in part:

(1) Except as otherwise specifically provided in this chapter any person who--

    (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any . . . electronic communication;

12

SPM 0016

(d) intentionally uses, or endeavors to use, the
    contents of any . . . electronic communication,
    knowing or having reason to know that the
    information was obtained through the interception of
    a[n] . . . electronic communication in violation of
    this subsection;

shall be punished as provided in subsection (4) or shall be
subject to suit as provided in subsection (5).

44. Section 2520 of the ECPA provides, in part:

(a) In general.--Except as provided in section
    2511(2)(a)(ii), any person whose . . . electronic
    communication is intercepted . . . or intentionally used
    in violation of this chapter may in a civil action
    recover from the person or entity which engaged in that
    violation such relief as may be appropriate.

(b) Relief.--In an action under this section, appropriate
    relief includes--

    (1) such preliminary and other equitable or declaratory
        relief as may be appropriate;

    (2) damages under subsection (c) and punitive damages
        in appropriate cases;  and

    (3) a reasonable attorney's fee and other litigation
        costs reasonably incurred.

(c) Computation of damages.--

    (2) In any other action under this section, the court
        may assess as damages whichever is the greater of--

        (A) the sum of the actual damages suffered by the
            plaintiffs and any profits made by the

.13.

SPM 0017

violator as a result of the violation; or

(B) statutory damages of whichever is the greater
of $100 a day for each day of violation or
$10,000.

(e) Limitation.--A civil action under this section may not
be commenced later than two years after the date upon
which the claimant first has a reasonable opportunity to
discover the violation.

45. Section 2510 of the ECPA, setting forth the definitions
of the terms in § 2511, defines "person" to include "any . . .
partnership, association, joint stock company, trust, or
corporation." 18 U.S.C. § 2510(6). Each defendant is a "person"
within the meaning of § 2511.

46. Section 2510 defines "electronic communication" to
include "any transfer of signs, signals, writing, images, sounds,
data, or intelligence of any nature transmitted in whole or in
part by a wire, radio, electromagnetic, photoelectronic or
photooptical system that affects interstate or foreign commerce,"
subject to exclusions not relevant to this action. 18 U.S.C. §
2510(12). The Internet communication between the Class members is
an "electronic communication" within the meaning of § 2511.

47. Section 2510 defines "contents" of an electronic
communication to include "any information concerning the
substance, purport, or meaning of that communication." 18 U.S.C.
§ 2510(8). The file name, its source, and the Internet identities

14.

SPM 0018

of the participants in that electronic communication constitute a part of the "content" of that electronic communication within the meaning of § 2511.

48. Section 2510 defines "intercept" to mean "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4). Section 2510 defines "electronic, mechanical, or other device" to mean "any device or apparatus which can be used to intercept a wire, oral, or electronic communication," subject to exclusions not relevant to this action. 18 U.S.C. § 2510(5). SmartDownload is an "electronic . . . device" within the meaning of 18 U.S.C. § 2510(5). By using SmartDownload to secretly obtain the contents of that electronic communication, each defendant "intercepts" that communication within the meaning of § 2511.

49. By virtue of the foregoing, each plaintiff and each member of the Class is a "person whose . . . electronic communication is intercepted . . . in violation of this chapter" within the meaning of § 2520.

50. Moreover, defendants intentionally use these intercepted communications, and therefore each plaintiff and each member of the Class is a "person whose . . . electronic communication is . . . intentionally used . . . in violation of this chapter" within the meaning of § 2520.

.15.

SPM 0019

51. By virtue of the foregoing, defendants are liable to plaintiffs and the other members of the Class for their violations of Sections 2511 and 2520 of the ECPA.

52. Since SmartDownload was not available until November of 1998, this action is timely as to each plaintiff and each member of the Class.

53. Defendants' actions complained of herein were conscious, intentional, wanton and malicious, entitling plaintiffs and the other members of the Class to an award of punitive damages.

54. Plaintiffs and the other members of the Class have no adequate remedy at law for defendants' continued violation of the ECPA.

## COUNT II
### (Unauthorized Access Under The CFAA)

55. Plaintiffs repeat and reallege each and every preceding allegation as if fully set forth herein.

56. Plaintiffs assert this Count against both defendants, jointly and severally, pursuant to Section 1030 of the CFAA, 18 U.S.C. § 1030.

57. Section 1030 provides in part:

(a) Whoever--

    (2) intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains--

16.

SPM 0020

(C) information from any protected computer if the conduct involved an interstate or foreign communication;

shall be punished as provided in subsection (c) of this section.

(b) Whoever attempts to commit an offense under subsection (a) of this section shall be punished as provided in subsection (c) of this section.

(g) Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. . . . No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage.

58. Section 1030 defines the term "protected computer" to include "a computer . . . which is used in interstate or foreign commerce or communication." 18 U.S.C. § 1030(e)(2)(B). Each computer on which SmartDownload is installed is used in interstate communications and is therefore a "protected computer" within the meaning of § 1030.

59. Section 1030 defines the term "exceeds authorized access" to mean "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accessor is not entitled so to obtain or alter." 18 U.S.C. § 1030(e)(6). By using SmartDownload to secretly obtain

.17.

SPM 0021

information contained in the computers of SmartDownload users about what files are downloaded, each defendant "accesses a computer without authorization or exceeds authorized access" within the meaning of § 1030.

60. Section 1030 defines the term "damage" to include "any impairment to the integrity or availability of . . . a system . . . that-- . . . causes loss aggregating at least $5,000 in value during any 1-year period to one or more individuals . . ." 18 U.S.C. § 1030(e)(8)(A). By using SmartDownload to secretly obtain information contained in the computers of Class members about what files are downloaded, each defendant has caused "damage" within the meaning of § 1030.

61. By virtue of the foregoing, defendants are liable to plaintiffs and the other members of the Class for their violations of Section 1030 of the CFAA.

62. Since SmartDownload was not available until November of 1998, this action is timely as to each plaintiff and each member of the Class.

63. Defendants' actions complained of herein were conscious, intentional, wanton and malicious, entitling plaintiffs and the other members of the Class to an award of punitive damages.

64. Plaintiffs and the other members of the Class have no adequate remedy at law for defendants' continued violation of the CFAA.

18.

<u>JURY TRIAL DEMANDED</u>

Plaintiffs demand a trial by jury on all issues so triable.

WHEREFORE, each plaintiff, on behalf of himself and the members of the Class, prays for judgment as follows:

a) declaring this action to be a proper class action and certifying each plaintiff as a proper representative of the Class under Rule 23 of the Federal Rules of Civil Procedure;

b) declaring that defendants' acts alleged above violate the ECPA and the CFAA as alleged herein;

c) preliminarily and permanently enjoining defendants from pursuing the course of conduct complained of herein;

d) awarding compensatory and statutory damages in favor of plaintiffs and the other members of the Class against defendants, jointly and severally, for the damages sustained as a result of the wrongdoings of defendants, together with pre- and post-judgment interest thereon;

e) awarding plaintiffs and the other members of the Class their costs and expenses incurred in this action, including reasonable allowance of fees for plaintiffs's attorneys and experts, and reimbursement of plaintiffs's expenses;

.19.

SPM 0023

f) granting such other and further relief as the Court may

deem just and proper.

Date:      August 3, 2000

ABBEY, GARDY & SQUITIERI, LLP

By: _____
         Joshua N. Rubin (JR-4118)
         232 East 39th Street
         New York, NY 10016
         (212) 889-3700

Attorneys for Plaintiffs

20.

SPM 0024

## CERTIFICATE OF SERVICE

I, Teresa Carbonaro, hereby certify that on this 3rd day of August, 2000, I caused a true and correct copy of the foregoing AMENDED CLASS ACTION COMPLAINT to be served upon defense counsel listed below via facsimile transmission and via Federal Express overnight delivery:

Patrick J. Carome, Esq.
Wilmer Cutler & Pickering
2445 M Street, N.W.
Washington, D.C.  20037

Teresa Carbonaro

SPM 0025

P. 1

Jul 25 00 03:46p

FILED

JUL 2 2000

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CASE NUMBER  1:00CV01723

JUDGE: Gladys Kessler

DECK TYPE: Civil General

DATE STAMP: 07/21/2000

WALTER MUELLER
808 H ST. NW
WASHINGTON, D.C. 20006
202/822-9245

                              Plaintiff,        ) JURY TRIAL DEMANDED
                                                )
                vs.                             )
                                                )
NETSCAPE COMMUNICATIONS CORPORATION )
AMERICA ONLINE, INC.                            )
                                                )
                              Defendants.        )

## COMPLAINT FOR MONEY DAMAGES AND INJUNCTIVE RELIEF AND JURY DEMAND

Plaintiff individually and on behalf of all others, similarly situated, by his attorneys, alleges the following upon information and belief (except for those allegations pertaining to plaintiff, which are based on personal knowledge), after due investigation by his counsel.

## NATURE OF THE ACTION

Plaintiff brings this action on his own behalf and as a class action on behalf of a class (the "Class") consisting of plaintiff and all other persons or entities who use or who have in the last 3 years used NetScape Navigator, to recover damages caused to the class by defendants' use or theft of their private information in violation of the Electronic Communications Privacy Act and the Computer Fraud and Abuse Act.

Unbeknownst to the members of the Class, and without their authorization, defendants have been spying on their Internet activities and invading personal information stored on their

1

SPM 0026

computers or obtained indirectly from web sites they have visited using NetScape Navigator:

NetZip's "Download Demon" was purchased by Real Networks and renamed "Real Download". Then NetScape/AOL licensed it from Real and called it "NetScape Smart Download."

"SmartDownload", distributed by defendants to users of NetScape's "Communicator" web browser, secretly transmits to defendants information identifying the name, type, and source of each and every exe or zip file that an Internet user downloads using SmartDownload from any site on the Internet, along with information uniquely identifying the visitor. SmartDownload captures and transmits this information unbeknownst to and without the consent of either the class member or the visitor to the Web Site. This continuing surveillance of the class member's provisioning of exe and zip files, coupled with the unique information uniquely identifying each visitor, permits NetScape to create a continuing profile of the class member's and each visitor's file transfers over time.

These programs immediately tag a computer with a unique ID, after which every single file a user downloads from anywhere on the Internet is immediately reported back to the program's Source, along with the user's machine's unique ID and its unique Internet IP address.

This information allows NetScape/AOL to compile and create a detailed "profile" about who a user is based upon the web Sites a user visits and the files a user has downloaded.

This surveillance is done without the user's knowledge, without prior notification to him, and without his consent.

JURISDICTION AND VENUE

Plaintiff brings this action pursuant to Sections 2511 and 2520 of the Electronic Communications Privacy Act ("ECPA"), 18

2

SPM 0027

Jul 25 00 03:47P

U.S.C.A. §§ 2511 and 2520, and Section 1030 of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331, § 1334 and § 1137.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c). Each defendant does business in this district, resides in this district, and the illegal use and surveillance of the named plaintiff's computer was effected by electronic signals in this district on a computer maintained in this district.

In connection with the acts and conduct complained of, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including interstate telephone communications and the Internet.

## THE PARTIES

Plaintiff Walter Mueller maintains a computer in the District of Columbia in which he runs NetScape Navigator and uses SmartDownload to Search the web and download exe and zip files, and other members of the class maintain computers on which they run NetScape Navigator and use SmartDownload to Search the web and download exe and zip files.

Defendant NetScape Communications Corporation ("NetScape") is a Delaware corporation that does business in this district. NetScape offers a broad range of Internet-related products and services and is best known for its popular Web browser, NetScape Communicator, formerly known as NetScape Navigator (collectively referred to herein as "Communicator"), and its principal Internet site. America Online, Inc. has its principal plcae of business in Virginia, and does business in the district of Columbia.

## CLASS ACTION ALLEGATIONS

Plaintiff brings this action under Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of

3

a class consisting of plaintiff and all other United States persons or entities who run NetScape Navigator on their computers and/or who use NetScape Navigator to access Web Sites on the Internet providing "zip" or "exe" files for download by visitors to the Site ("the class"). Excluded from the class are the defendants herein, any subsidiary of either defendant, all employees and directors of either defendant or any subsidiary, and the legal representatives, heirs, successors or assigns of any such excluded person or entity.

The class is so numerous that joinder of all members is impracticable. At least 14 million people run NetScape Navigator on their computers. Thousands of U.S. Web Sites offer zip and exe files to their visitors, and millions of people have used SmartDownload. The members of the class are geographically dispersed throughout the United States. The exact number of class members is unknown at this time.

Plaintiff's claims are typical of the claims of the other members of the class, as plaintiff and all other members of the class were injured in exactly the same way by the intentional theft of their private information in violation of federal law as complained of herein. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel competent and experienced in class action litigation.

Plaintiff has no interests that are contrary to or in conflict with those of the class.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the class members individually to seek redress for the wrongful conduct alleged.

4

SPM 0029

Jul 25 '00 03:47P

Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

Common questions of law and fact exist as to all members of the class and predominate over any questions affecting solely individual members of the class. Among the questions of law and fact common to the class are:

whether defendants' acts as alleged herein violated the ECPA and/or the CFAA:

whether defendants participated in the concerted action or common course of conduct complained of;

whether the members of the class have sustained damages and, if so, the proper measure of such damages.

## SUBSTANTIVE ALLEGATIONS

NetScape has no bona fide existence independent of AOL. In November of 1998, defendant AOL agreed to merge with defendant NetScape (which was at the time publicly held) in exchange for AOL stock.

The merger was accounted for as a pooling of interests transaction.

Since the consummation of the merger, the operations of AOL and NetScape have been functionally merged and inextricably intermingled, as detailed in AOL'S press release dated November 24, 1998 and in Item 1 of AOL'S Annual Report on Form 10-K for the year ended June 30, 1999.

They routinely provide each other with financial, managerial, and informational resources, physical infrastructure and intellectual property without compensating each other or accounting for such use.

5

SPM 0030

202 663 6363          95%          P.06

Jul 25 00 03:48p

They are using Internet computers and other assets under their joint control to accomplish the wrongs complained of herein.

NetScape introduced SmartDownload in November of 1998, virtually simultaneously with the execution of the merger agreement with AOL.

SmartDownload facilitates the transfer of large files over the Internet by permitting the transfer to be resumed if it is interrupted

Internet location of the file, along with the identification String from the cookie previously Set by NetScape. It also transmits an additional identification string identifying which user of that particular computer is performing the download. For example, if an Internet user uses SmartDownload to download MicroSoft's Internet Explorer from MicroSoft's Web Site, SmartDownload will transmit to defendants the Internet user's identification string along with the name of the file and the file's location on the Internet.

In So doing, NetScape is using SmartDownload to eavesdrop. It is using SmartDownload to intercept and to send to defendants information about a communication to which defendants are not a party. Moreover, by including the user identification string in the transmission, NetScape is intentionally providing defendants with all of the information that they need to create a moment-by-moment individualized profile of Internet file transactions both of the class member and of Internet web sites.

Defendants never disclose, either to the class member or to the Internet user, that SmartDownload is monitoring the class member's electronic communications and transactions with Internet users. SmartDownload's transmission of the data is functionally unrelated to SmartDownload's ability to resume downloads.

6

SPM 0031

Jul 25 '00 09:48p

## COUNT I

(Interception of Electronic Communications Under the ECPA)

Plaintiff repeats and realleges each and every allegation contained above.

Plaintiff asserts this Count against both defendants, jointly and severally, pursuant to Sections 2511 and 2520 of the ECPA, 18 U.S.C. §§ 2511, 2520.  Section 2511 of the ECPA provides, in part:

Except as otherwise specifically provided in this chapter any person who-intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any... electronic communication;

(d) intentionally uses, or endeavors to use, the contents of any Electronic communication, knowing or having reason to know that the information was obtained through the interception of  any.. electronic communication in violation of this subsection;

Shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

Section 2520 of the ECPA provides, in part:

In general, except as provided in Section 2511 (2)(a)(ii), any person whose electronic communication is intercepted, Or intentionally used in violation of this chapter may in a civil action recover form the person or entity which engaged in that violation such relief as may be appropriate.

Relief in an action under this section, appropriate relief includes such preliminary and other equitable or declaratory relief as may be appropriate; damages under subsection (c) and punitive damages in appropriate cases; and a reasonable attorney's fee and other litigation costs reasonably incurred.

7

SPM 0032

202 663 6363                    95%                    P.08

Computation of damages:

In any other action under this Section, the court may asses as damages whichever is the greater of the Sum of the actual damages Suffered by the plaintiff and any profits made by the violator as a result of the violation; or Statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

Limitation:

A civil action under this Section may not be commenced later that two years after the date upon which the claimant first has a reasonable opportunity to discover the violation.

Section 2510 of the ECPA. Setting forth the definitions the terms in § 2511. defines "person" to include "any partnership, association, joint stock company, trust, or corporation." 18 U.S.C. S 2510 (6). Each defendant is a "person" within the meaning of § 2511.

Section 2510 defines "electronic communication" to include "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, or photo optical system that affects interstate or foreign commerce, "subject to exclusions not relevant to this action. 18 U.S.C. S 2510(12). The Internet communications between the Class member and the Internet user is an "electronic communication" within the meaning of § 2511.

Section 2510 defines "contents" of an electronic communication to include "any information concerning the substance, purport, or meaning of that communication." 18 U.S.C. S 2510(8). The file name, its source and the Internet identities of the participants in that electronic communication constitute a part of the "content" of that electronic communication within the meaning of § 2511.

8

SPM 0033

P.09

Jul 25 '00 03:49p

Section 2510 defines "intercept" to mean "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. S 2510(4). Section 2510 defines "electronic, mechanical, or other device" to mean "any device or apparatus which can be used to intercept a wire, oral, or electronic communication," subject to exclusions not relevant to this action. 18 U.S.C. § 2510(5). SmartDownload is an "electronic device" within the meaning of 18 U.S.C. S 2510(5). By using SmartDownload to secretly obtain the contents of that electronic communication, each defendant "intercepts" that communication within the meaning of § 2511.

By virtue of the foregoing, plaintiff and each member of the Class is a "person whose electronic communication is intercepted or intentionally used in violation of this chapter" within the meaning of Section 2520.

By virtue of the foregoing, defendants are liable to plaintiff and the other members of the Class for their violations of sections 2511 and 2520 of the ECPA.

Since SmartDownload was not available until November of 1998, this action is timely as to plaintiff and each member of the Class.

Defendants' actions complained of herein were conscious, intentional, wanton and malicious, entitling Plaintiff and the other members of the Class to an award of punitive damages.

Plaintiff and the other members of the Class have no adequate remedy at law for defendants' continued violation of the ECPA.

COUNT II

(Theft of Intellectual Property Under the CFAA)

Plaintiff repeats, and realleges each and every preceding allegation as if fully set forth herein.

9

SPM 0034

JUL-25-2000  19:07                        202 663 6363                    95%                P.10

Jul 25 '00 03:49p

Plaintiff asserts this Count against both defendants, jointly and severally, pursuant to Section 1030 of the CFAA, 18 U.S.C. § 1030.

Section 1030 provides in part:

Whoever intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains information from any protected computer if the conduct involved an interstate or foreign communication; shall be punished as provided in subsection (c) of this Section.

Whoever attempts to commit an offense under subsection (a) of this Section shall be punished as provided in subsection (c) of this Section.

(g) Any person who suffers damage or loss by reason of a violation of this Section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage.

Section 1030 defines the term "protected computer" to include "a computer which is used in interstate or foreign commerce or communication." 18 U.S.C. § 1030(e)(2)(B). Each computer on which SmartDownload is installed is used in interstate communications and is therefore a "protected computer" within the meaning of § 1030.

Section 1030 defines the term "exceeds authorized access" to mean "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accuser is not entitled so to obtain or alter." 18 U.S.C. § 1030 (e)(5). By using SmartDownload to secretly obtain information contained in the computers of Internet users about what files are downloaded, each defendant "accesses a computer without

10

SPM 0035

TUL-25-2000  19:07        202 663 6363            95%            P.11

Jul 25 '00 03:49P

authorization or exceeds authorized access" within the meaning of
§ 1030.

Section 1030 defines the term "damage" to include "any
impairment to the integrity or availability of a system that
causes loss aggregating at least $5,000 in value during any 1-year
period to one or more individuals". 18 U.S.C. § 1030(e)(8)(A).
By using SmartDownload to secretly obtain information contained in
the computers of Internet users about what files are downloaded,
each defendant has caused "damage" within the meaning of § 1030.

By virtue of the foregoing, defendants are liable to
plaintiff and the other members of the Class for their violations
of Section 1030 of the CFAA.

Since SmartDownload was not available until November of 1998,
this action is timely as to plaintiff and each member of the
Class.

Defendants' actions complained of herein were conscious,
intentional, wanton and malicious, entitling plaintiff and the
other members of the Class to an award of punitive damages.

Plaintiff and the other members of the Class have no adequate
remedy at law for defendants' continued violation of the CFAA.

JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues.

WHEREFORE, plaintiff, on behalf of himself and the members of
the Class, prays for judgment as follows:

declaring this action to be a proper class action and certifying
plaintiff as the proper representative of the Class under rule 23
of the Federal Rules of Civil Procedure;

declaring that defendants' acts alleged above violate the ECPA and
the CFAA as alleged herein;

11

SPM 0036

202 663 6363                    96%                    P.12

Jul 25 00 03:50p

preliminary and permanently enjoining defendants from pursuing the
course of conduct complained of herein;

awarding compensatory and statutory damages in favor of plaintiff
and the other members of the Class against defendants, jointly and
severally, for the damages sustained as a result of the wrongdoing
of defendants, together with pre- and post-judgment interest
thereon;

awarding plaintiff and the other members of the Class their costs
and expenses incurred in this action, including reasonable
allowance of fees for plaintiff's attorneys and experts, and
reimbursement of plaintiff's expenses;

granting such other and further relief as the Court may deem just
and proper.

Date: July 21, 2000

Respectfully submitted,

WILLIAM CLAIBORNE
D.C. Bar # 446579
Counsel for «client»

601 Indiana Ave, N.W.
Suite 500
Washington, D.C. 20004-2927
202-824-0700 (phone)
202-887-0939 (fax)

12

SPM 0037

202 663 6363                95%                    P.13