UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETSCAPE COMMUNICATIONS CORPORATION,<br><br>        Plaintiff,<br><br>  v.<br><br>FEDERAL INSURANCE COMPANY, et al.,<br><br>        Defendants. | Case No.: C 06-0198 JW (PVT)<br><br>**ORDER RE ST. PAUL'S MOTION TO AMEND ADMISSION** |

On March 29, 2007, Defendant St. Paul Mercury Insurance Company ("Defendant") filed a Motion for Leave to Amend Admission.[1] Plaintiff opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the moving, opposition and reply papers submitted,

IT IS HEREBY ORDERED that, for the reasons discussed herein, Defendant's motion for leave to amend its response to Request for Admission ("RFA") No. 4 is GRANTED.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

This is an insurance coverage action. Plaintiffs allege that Defendant, their insurer, failed to

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

1  provide a defense to a series of underlying lawsuits alleging injury from certain software known as
2  "SmartDownload." The complaints in the underlying actions (the "SmartDownload Lawsuits")
3  alleged that SmartDownload violated the claimants' privacy by, among other things, collecting,
4  storing, and disclosing to Plaintiffs and their engineers claimants' Internet usage. At the time of the
5  SmartDownload Lawsuits, Plaintiffs were insured under Defendant's Technology Commercial
6  General Liability Protection Policy (the "Tech Policy").

7      Plaintiffs tendered defense of the SmartDownload Lawsuits to Defendant, but Defendant
8  denied coverage. Defendant argued, among other things, that the underlying lawsuits failed to
9  trigger the Tech Policy's "personal injury" coverage.

10      Ultimately the SmartDownload Lawsuits settled without any payment to the SmartDownload
11  claimants and their attorneys. On January 11, 2006, Plaintiffs filed the present lawsuit seeking
12  reimbursement of the attorneys' fees and costs they incurred in defending the underlying
13  SmartDownload Lawsuits.

14      During discovery in this action, in response to a request for admission propounded by
15  Defendant, Plaintiffs denied that "the UNDERLYING COMPLAINTS do not allege any user
16  information allegedly collected by AOL/Netscape through its SmartDownload program was made
17  known to any person." Defendant proceeded to propound discovery seeking information regarding
18  the basis for that denial by Plaintiffs. Plaintiffs ultimately stated in a June 12, 2006 supplemental
19  response to Defendant's Interrogatory No. 9 that "information allegedly collected by AOL and/or
20  Netscape was – or was to have been – shared with third parties."[2] And in a July 28, 2006,
21  supplemental response to Defendant's Interrogatory No. 11 Plaintiff's identified as supporting
22  documentation "Complaints in the Underlying Actions; pleadings in the Underlying Actions,
23  including, but not limited to, Plaintiffs' counsel's fee application; the settlement presentation made
24  by the plaintiffs in the Underlying Actions and transcripts of depositions taken in the Underlying
25  Actions."

26      On July 24, 2006, Plaintiff America Online, Inc. ("AOL") served RFA No. 4 on Defendant.
27  RFA No. 4 asked Defendant to "Admit that the SMARTDOWNLOAD CLAIM does not involve '3rd

---

[2] Conspicuously missing from Plaintiffs' response is any specific reference to AdForce.

party advertising.'"[3]  The "Definitions and Instructions" section of AOL's RFAs define "SMARTDOWNLOAD CLAIM" as:

> "any demand made by NETSCAPE and/or AOL for insurance coverage in connection with the following actions and/or investigations brought against NETSCAPE and/or AOL: *Specht v. Netscape Communications Corp. and American Online, Inc.*, 00 CIV 4871 (S.D.N.Y.); *Weindorf v. Netscape Communications Corp. and America Online, Inc.*, No. 00 CIV 6219 (S.D.N.Y.); *Gruber v.Netscape Communications Corp. and America Online, Inc.*, No. 00 CIV 6249 (S.D.N.Y.); *Mueller v. Netscape Communications Corp. and America Online, Inc.*, No. 00 CIV 01723 (D.D.C.); and investigation by New York's Attorney General into consumer protection issues associated with Netscape Communicator and/or Smartdownload."

In its initial response to AOL's RFAs, Defendant asserted objections on grounds that, among other things, the RFAs were irrelevant, vague, ambiguous, unintelligible and overly broad.  Defendant expressly stated that it was not waiving those objections by providing responses, and with regard to RFA No. 4, Defendant responded "admit."[4]

On January 12, 2007, Plaintiffs filed their Cross-motion for Summary Judgment Re: Duty to Defend in which they articulated a coverage theory based on a claim that the plaintiffs in the underlying lawsuits claimed that their private information was shared with a third party advertising company called "AdForce."

In response, Defendant served a "supplemental response" to RFA No. 4, purporting to narrow its prior admission to the information provided to it with Plaintiffs' tender of defense, and to deny the request based on both the information provided by Plaintiffs in discovery in this action and the arguments now being advanced in Plaintiffs' summary judgment brief.  After it was brought to Defendant's attention that a court order was required to amend a response to a request for admission, on March 29, 2007, Defendant filed the instant motion.

---

[3]  The phrase "3rd party advertising," although placed in quotes, was not specifically defined.

[4]  This is the proper procedure for responding to an RFA when the responding party believes the request is objectionable, is not at that time aware of a factual basis for denying the request, but does not wish to run the risk of sanctions for not admitting the matter in the event the objections are overruled.  *See Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 936-37 (9th Cir. 2002), amended by 313 F.3d 1093 (2002).

**II.    DISCUSSION**

Under all the circumstances of this case, leave to amend is warranted. Rule 36(b) of the Federal Rules of Civil Procedure provides, in relevant part:

> Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

In this case, allowing amendment will subserve presentation of the merits because there is a legitimate factual dispute regarding whether or not any of the underlying lawsuits or investigations involved "3rd party advertising." *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (noting that one of the goals of Rule 36(b) is truth-seeking in litigation). Defendant argues, and Plaintiffs do not dispute, that before production of certain documents in discovery six months *after* this lawsuit was filed, Defendant had never been provided with any information suggesting that the underlying claims against Plaintiffs involved disclosure of any information to an advertising-related company. Based on the record before the court, it appears that Defendant never intended to admit that any claim of disclosure to AdForce of information gathered by SmartDownload did not "involve 3rd party advertising." Saddling Defendant with such an unintended admission would subvert, not subserve, the truth-seeking goal of litigation.

Further, Plaintiffs have not met their burden of satisfying the court that withdrawal or amendment of the admission would prejudice them in maintaining their action on the merits. *See ibid.* ("The party relying on the deemed admission has the burden of proving prejudice.") In light of the numerous objections Defendant asserted in response to the requests for admission, Plaintiffs could not reasonably have relied on the admissions in determining what discovery to pursue.[5]

---

[5] It appears at least some of the objections may be well taken. For example, RFA No. 4 appears to be vague and ambiguous with regard to whether it is limited to the information included in the coverage demands Plaintiffs actually made on Defendant prior to filing this lawsuit, or whether it is intended to cover any demands for coverage based on factual scenarios which Plaintiffs hypothetically could have relied on during the claim review process. This RFA also appears to be vague and ambiguous because it does not apprise either Defendant or this court whether it is limited to the actual claims and allegations in the underlying complaints and investigation, or if it somehow encompasses any and all extraneous comments made during the course of litigation. In light of this order allowing Defendant to amend its response to RFA No. 4, the court takes no position on the objections at this time. The court makes this observation only as part of its explanation why Plaintiffs could not have reasonably relied on RFA No. 4 in determining what discovery they needed to conduct.

1  Moreover, even without additional discovery, Plaintiffs were able in their summary judgment reply
2  brief to articulate their legal argument with regard to why the "3rd Party Advertising" should not
3  apply to their claims.

### III.  CONCLUSION

Because the presentation of the merits will be subserved by allowing Defendant to amend its response to RFA No. 4, and because Plaintiffs have not satisfied the court that they will be prejudiced by the amendment, leave to amend is warranted.

Dated: *4/27/07*

*[signature]*
PATRICIA V. TRUMBULL
United States Magistrate Judge