1  ABELSON | HERRON LLP
   Michael Bruce Abelson (State Bar No. 130739)
2     Leslie A. Pereira (State Bar No. 180222)
  333 South Grand Ave, Suite 1550
3  Los Angeles, California 90071-1559
  Telephone: (213) 402-1900
4  Facsimile: (213) 402-1901
  mabelson@abelsonherron.com
5  lpereira@abelsonherron.com

6
  BERGESON, LLP
7     Hway-ling Hsu (State Bar No. 201329)
  303 Almaden Boulevard, Suite 500
8  San Jose, California 95110-2712
  Telephone: (408) 291-6200
9  Facsimile: (408) 297-6000

10 Attorneys for Plaintiffs
  NETSCAPE COMMUNICATIONS
11 CORPORATION and AMERICA ONLINE, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NETSCAPE COMMUNICATIONS CORPORATION, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>FEDERAL INSURANCE COMPANY, et al.,<br><br>        Defendants. | CASE NO. 5:06-CV-00198 JW (PVT)<br><br>**PLAINTIFFS' MOTION TO STRIKE DEFENDANT ST. PAUL'S "ADDITIONAL DESIGNATION OF AUTHORITY AND RECORD"**<br><br>The Hon. James Ware<br>Dept.: 5 |

Plaintiffs Netscape Communications Corporation and America Online, Inc. ("Plaintiffs") hereby object to, and move to strike Defendant St. Paul's purported "Additional Designation of Authority and Record," filed September 17, 2007, on the following grounds:

---


**1. St. Paul's Filing Violates N.D. Civil Local Rule 7-3(d)**

St. Paul's submission violates N.D. Civil L.R. 7-3(d) and should be stricken. That rule states as follows:

> (d) **Supplementary Material**. Before the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by serving and filing a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion - without argument. *Otherwise, once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval.*

N.D. Civil L.R. 7-3(d) (italics supplied). Here, St. Paul's submission is improper for at least two separate reasons:

*First*, supplementary material may not be submitted to the Court after a motion's noticed hearing date *without prior Court approval*. Here, the parties' pending Cross Motions for Partial Summary Adjudication Re: Duty to Defend were heard by the Court more than three months ago (on June 7, 2007). As such, the motions' hearing date has long since passed. Because St. Paul failed to seek (much less secure) Court approval prior to filing its supplementary material, its submission violates this Court's Local Rules and must be stricken.[1]

*Second*, any supplementary material filed must be submitted "without argument." Here, again, St. Paul violates the L.R. 7-3(d) because its submission argues this Court may consider the unpublished New Jersey District Court decision it submitted. This is clearly improper, given that Plaintiffs have no opportunity to reply in writing and/or otherwise be heard in response to St. Paul's argument.

For these reasons alone, St. Paul's submission must be stricken.

**2. St. Paul's New "Authority" Is Irrelevant to the Parties' Pending Motion**

In addition to St. Paul's procedural failings, Defendant's submission should also be stricken on the ground that it is irrelevant and adds nothing new to the parties' prior (exhaustive) briefing. The unpublished New Jersey District Court decision submitted by St. Paul, St. Paul Fire

---

[1] Notably, St. Paul's submission references N.D. Cal. Civil L.R. 3-4(e). Thus, Defendant is clearly aware of the District's local rules, but simply chose to ignore the one requiring it to obtain prior Court approval before filing supplementary materials.

1  and Marine Ins. Co. v. Brother Int'l Corp.,[2] found no duty to defend a "blast fax" claim against its
2  insured brought under the federal Telephone Communications Privacy Act (the "TCPA").  As
3  such, Brother Int'l involves facts and circumstances nearly identical to other "blast fax" cases
4  cited by St. Paul in its prior briefing (Resource Bankshares, Melrose Hotel, and ACS Systems).
5        As set forth fully in Plaintiffs' papers in support of their Cross Motion, Defendant's
6  "blast fax" cases are irrelevant to the parties' pending motions because they all directly address
7  the following, irrelevant question:  Does the St. Paul policy language provide coverage for
8  violations of *seclusion* privacy (*i.e.*, the right to be left alone)?[3]  **Seclusion privacy is not an**
9  **issue in the underlying SmartDownload claims here**.  Rather, the SmartDownload claimants'
10 allege a violation of their *secrecy* privacy (i.e., the right to keep private information private).  In
11 this regard, Brother Int'l specifically acknowledges that the St. Paul policy unquestionably
12 provides coverage for violations of secrecy privacy, viz:

> "Therefore, as in *Resource Bankshares Corp.*, *Brunswick*, *ACS Systems, Inc.*, *Melrose Hotel Co.*, and *Onvia*, I find that it is clear from the context of the St. Paul advertising injury provision at issue here that St. Paul's policy provides coverage only if the harmful content of the material violates the privacy right of secrecy.  There is no ambiguity.  Accordingly, the policy does not provide coverage for a violation of the seclusion right of privacy."

17 Brother Int'l, 2007 WL at *13.
18       For all of these reasons, St. Paul's submission must be stricken.  It is procedurally
19 defective, substantively incorrect, and adds nothing to the consideration on the merits of this
20 pending matter.  In the alternative, Plaintiffs respectfully seek leave to submit a complete
21 rejoinder to address improprieties raised by Defendant's faulty filing.

22 Dated:  September 17, 2007            ABELSON | HERRON LLP

By _____/S/_____
Leslie A. Pereira
Attorneys for Plaintiffs
Netscape Communications Corporation and
America Online, Inc.

---

[2] 2007 WL 2571960 (D.N.J.).
[3] See Plaintiffs' Cross Motion at 13-22; Plaintiffs' Reply at 6-14.