
# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| NETSCAPE COMMUNICATIONS CORPORATION, a Delaware corporation; and AMERICA ONLINE, INC., a Delaware corporation,<br><br>        Plaintiffs,<br>v.<br><br>FEDERAL INSURANCE COMPANY, an Indiana corporation; ST. PAUL MERCURY INSURANCE COMPANY, a Minnesota corporation; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; a Connecticut corporation, and DOES 1 through 50,<br><br>        Defendants. | CASE NO. 06-CV-00198 JW (PVT)<br><br>**JOINT STATUS STATEMENT FOR FURTHER CASE MANAGEMENT CONFERENCE**<br><br>Date: October 29, 2007<br>Time: 10:00 a.m.<br>Judge: Hon. James Ware<br>Courtroom 8<br><br>Complaint Filed: December 12, 2005<br>Amended Complaint Filed: Feb. 22, 2006 |

The parties to the above-entitled action jointly submit this Joint Status Statement as requested by the Court in its October 10, 2007 "Order Denying Plaintiffs' Motion for Partial Summary Judgment; Granting St. Paul's Motion for Partial Summary Judgment Re: Duty to Defend; Setting Further Case Management Conference" (the "Order"). In particular, the Court asked that the parties advise the Court of their views regarding the impact of the Order on this action and the claims remaining in the action.

**BRIEF DESCRIPTION OF THE CASE**

**1.    Events underlying the action**

In 2000, Plaintiffs Netscape Communications Corp. ("Netscape") and America Online ("AOL") were sued in four nationwide class actions brought in New York and Washington, D.C. (the "Class Actions"). The Class Actions alleged that through Netscape's "SmartDownLoad" program, AOL and Netscape intercepted private information. The Class Actions alleged claims for violation of the Electronic Communications Privacy Act, 18 U.S.C. sec. 2511 and 2520, and the Computer Fraud and Abuse Act, 18 U.S.C. 1030. In addition, the New York Attorney General initiated an investigation into Netscape's and AOL's practices in this regard ("AG Investigation").

The Class Actions were tendered to defendant St. Paul and several other of AOL's and Netscape's insurance companies. As part of Plaintiffs' insurance program during the April 1, 1999 to April 1, 2000 time period, St. Paul issued a technology commercial general liability policy (the "St. Paul Policy"). On December 13, 2000, St. Paul denied coverage for the Class Actions. AOL and Netscape also tendered to the insurers defense of the AG Investigation. St. Paul also denied coverage for the AG Investigation. The Class Actions were settled in September 2004, and the AG Investigation was resolved.

**2.    Summary and Status of this Action**

Plaintiffs commenced this action alleging causes of action for breach of contract, breach of the covenant of good faith and fair dealing, and unfair business practices under California Business & Professions Code § 17200 (the "Section 17200 Claim"). By way of recovery, Plaintiffs seek amounts incurred in connection with the Class Actions and AG Investigation, damages for St. Paul's alleged bad faith, and an injunction against St. Paul's alleged unfair business practices. Since instituting this lawsuit, Plaintiffs have settled with two insurers: Federal and Executive Risk, and dismissed a third (National Union Fire Ins. Co. of Pittsburg, PA).

Pursuant to the parties' joint request, the Court accepted that this litigation would be conducted in "phases." (The parties initially suggested three phases and the Court

1  Ordered the case would proceed in two phases.) Phase One of the litigation included
2  discovery and motion practice regarding whether there is coverage for the Class Actions
3  and AG Investigation under the terms of the St. Paul Policy. Specifically at issue were the
4  policy's "personal injury" insuring agreement, the "deliberately breaking the law" exclusion,
5  and the "online activities" exclusion. As proposed by the parties, Phase Two would occur
6  at the conclusion of Phase One, and would address the contingent issues relating to the
7  causes of action for breach of the covenant of good faith and fair dealing and unfair
8  business practices, including any remaining discovery, preparation for trial, and trial (to the
9  extent not addressed or resolved during Phase One).

10  Pursuant to this "phased" approach, the parties conducted discovery with regard to
11  Phase One issues. Thereafter, the parties both filed motions for summary judgment on the
12  duty to defend. These motions were heard by the Court on June 7, 2007. The Court
13  issued its Order on October 10, 2007, granting St. Paul's motion and denying Plaintiffs'
14  motion (the "Order").

15      a.    <u>The Effect of the Court's October 10, 2007 Order</u>

16  Phase One of this litigation was effectively concluded when the Court entered its
17  Order. The Court's Order also *sua sponte* dismissed Plaintiffs' claim for breach of the
18  covenant of good faith and fair dealing, thereby resolving issues that were to be resolved
19  during Phase Two. The Court's Order did not rule on Plaintiffs' seventh cause of action for
20  unfair business practices pursuant to Cal. Bus. & Prof. Code § 17200.

21      b.    <u>Plaintiffs' Unfair Business Practices Claim Remains</u>

22  Plaintiffs' First Amended Complaint ("FAC") alleges a claim for unfair business
23  practices pursuant to Cal. Bus. & Prof. Code § 17200. According to the FAC, St. Paul has
24  "a policy and practice of automatically denying (or severely limiting available coverage for)
25  all claims that implicate their 'personal injury' [coverage], particularly when privacy
26  allegations are asserted against their insureds." FAC, ¶ 71. Given that the insurance
27  policies St. Paul issued to Plaintiffs are "occurrence-based" policies, they are currently in
28  full force and effect and will remain so until they are exhausted by reason of payment of

claims. FAC, ¶ 69. Thus, Plaintiffs claim they are currently at risk of being subjected to St. Paul's unfair business practices and seek an injunction and other relief in order to protect against St. Paul's (future) unfair business practices. FAC, ¶ 73.

**3.   Parties' Views On Further Proceedings In Case**

   a.   <u>Plaintiffs' View</u>

On March 10, 2006, St. Paul moved to dismiss Plaintiffs' unfair business practices cause of action. St. Paul argued, among other things, that Plaintiffs did not state a cause of action, suffered no injury, and have an adequate remedy at law. St. Paul's motion to dismiss was denied by the Court on May 8, 2006. Accordingly, Plaintiffs seek to proceed with discovery and trial preparation relevant to the FAC's remaining cause of action alleging violation of Cal. Bus. & Prof. Code, § 17200.

   b.   <u>St. Paul's View</u>

St. Paul's view is that in light of the Court's Order finding that St. Paul's denial of coverage for the Class Actions and AG Investigation were correct and in good faith, there is no basis for a cause of action for unfair business practices. Plaintiffs cannot state a cause of action, Plaintiffs have suffered no injury, Plaintiffs have no standing, and Plaintiffs have an adequate remedy at law if there were to ever be an inappropriate denial of a future claim against plaintiffs that was covered by St. Paul's insurance policies (which expired

1 | more than six years ago). St. Paul is reviewing these and other bases to determine the
2 | appropriate motion(s) to dispose of this remaining claim.

DATED: October 18, 2007        ABELSON | HERRON LLP


By   /s/ Leslie A. Pereira
   Leslie A. Pereira
Attorneys for Plaintiffs Netscape Communications
Corp. and America Online, Inc.


DATED: October 18, 2007        GORDON & REES LLP


By   /s/ Sara Thorpe
   Sara R. Thorpe
Attorneys for Defendant St. Paul Mercury
Insurance Company

RVRS/1017358/5171494v.1