UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETSCAPE COMMUNICATIONS CORPORATION,<br><br>            Plaintiff,<br><br>      v.<br><br>FEDERAL INSURANCE COMPANY, et al.,<br><br>            Defendants. | Case No.: C 06-0198 JW (PVT)<br><br>**ORDER GRANTING ST. PAUL'S MOTION TO COMPEL PLAINTIFFS TO RESPOND TO REQUESTS FOR ADMISSION (AND RELATED REQUESTS FOR DOCUMENTS)** |

On March 23, 2010, Defendant St. Paul Mercury Insurance Company ("St. Paul" or "Defendant") filed a Motion to Compel Plaintiffs to Respond to Requests for Admission (and Related Requests for Documents).[1] Plaintiffs opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the moving, opposition and reply papers submitted,

IT IS HEREBY ORDERED that Defendant's motion is GRANTED, because the discovery sought is relevant to the choice of law issues raised by Defendant. Absent agreement of the parties or further order of this court to the contrary, Plaintiffs shall supplement the subject discovery

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

responses and document production within two weeks of this order.

In the present motion, Defendant seeks to compel Plaintiff America Online, Inc. to respond to St. Paul's Request for Admissions (Set One) Nos. 1-7 and Request for Production (Set Two) No. 19, and to compel Plaintiff Netscape Communication Corporation to respond to St. Paul's Request for Admissions (Set One) Nos. 1-10 and Request for Production (Set Two) No. 19. St. Paul argues that this discovery is relevant to choice of law determinations with respect to remaining issues in the case related to the bad faith claims and prejudgment interest. Plaintiffs contend that Judge Ware already determined that California law applies to this case, and that, in any event, St. Paul has not shown that the action contains a viable choice of law issue. This objection is the sole basis for Plaintiffs' opposition to Defendant's motion.

Contrary to Plaintiffs' contention, Judge Ware's prior order did *not* determine that California law applies to "this case," or even that it applies to their bad faith claims. The only express choice of law determinations in Judge Ware's October 10, 2007 order (the "Order") were that California law applies to contract interpretation and to the duty to defend. While Judge Ware cited a California case when he *sua sponte* dismissed Plaintiffs' bad faith claims, he did not make any actual finding with regard to choice of law for all of the issues related to those claims.

As noted by Defendant, choice of law is determined on an issue by issue basis, not a claim by claim basis. *See S. A. Empresa De Viacao Aerea Rio Grandense v. Boeing Co.*, 641 F.2d 746, 749 (1981), citing *Beech Aircraft Corp. v. Superior Court of Los Angeles*, 61 Cal.App.3d 501, 518-19 (1976) (discrete issues, such as product liability substantive law, indemnity, and contribution between defendants, require separate choice of law analysis). To the extent a choice of law determination is implied by Judge's Ware's citation to California law in dismissing the bad faith claim, that implication can only extend to the specific issue decided – whether or not a bad faith claim may be asserted when a policy does not provide coverage by its terms.

Moreover, even if the Order would otherwise be "law of the case,"[2] the Ninth Circuit

---

[2] A proposition that is questionable in light of the fact that choice of law is determined on an issue by issue basis. Thus, just because California law may govern the issue of whether or not a bad faith claim may be asserted when a policy does not provide coverage by its terms, it does not necessarily follow that California law must govern all other issues related to the bad faith claim when it is later determined that the policy did in fact provide coverage.

ORDER, *page 2*

1  reversed the portion of the Order upon which Judge Ware based his dismissal of the bad faith claim.

2        As long as there is a dispute between the parties regarding which state's law applies to
3  various issues regarding Plaintiffs' bad faith claims, and to prejudgment interest, information
4  relevant to the parties' choice of law dispute is discoverable.

5        Because Defendant's motion seeks discovery of relevant information and Plaintiffs have not
6  shown the discovery is otherwise objectionable, an order compelling Plaintiffs to respond to the
7  discovery is warranted.

8  Dated: *May 3, 2010*

9  
10                      PATRICIA V. TRUMBULL
                    United States Magistrate Judge